COMMONWEALTH of Kentucky, Appellant,

v.

Johnny REED, Appellee.

No. 1999–SC–0726–DG.

Supreme Court of Kentucky.

Sept. 27, 2001.

Albert B. Chandler, III, Attorney General of Kentucky, Anitria M. Franklin, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellant.

Mark Wettle, Appellate Public Advocate, Louisville, Counsel for Appellee.

STUMBO, Justice.

A Martin Circuit Court jury convicted Johnny Reed, Appellee here, of receiving stolen property in excess of $300.00 and sentenced him to five years imprisonment. He appealed to the Court of Appeals, who overturned his conviction because of insufficient evidence. We granted discretionary review to determine whether there was sufficient evidence presented at trial to sustain a conviction for receiving stolen property over $300.00. Finding that there was not, we now affirm the Court of Appeals.

The relevant facts are as follows. On the morning of March 26, 1994, Mr. Shelly Hardin noticed that he had some tools and a tool chest missing from his garage. On further inspection, he discovered he was also missing three weed-eaters, a saw and a drill. Hardin called Sheriff Darriel Young to report the theft. During his investigation of the case, Sheriff Young discovered that Homer Mills may have had some of Hardin's tools. Mills told Hardin and the sheriff that he had purchased the tools, which were "just a few sockets and wrenches and just a few Craftsman tools," from the appellee for $30. Mills testified that the tools he bought would not have filled a tool chest, and they were contained in a burlap bag.

Appellee acknowledged selling the tools to Mills, and testified that he had acquired the tools from Basil Ray Stanley when Stanley came to Reed's house with the tools and tool chest asking Reed to trade the tools for marijuana. Reed stated he was unaware that the tools were stolen, while Stanley denied that the transaction occurred at all.

Reed was charged with receiving stolen goods over $300.00, for the possession of several of the tools, and the tool chest. The jury convicted Reed of one count of receiving stolen goods over $300.00 and sentenced him to five (5) years in the penitentiary. The Court of Appeals overturned the conviction stating that the Commonwealth had failed to establish that the items which had been in the appellee's possession actually met the dollar amount required by the offense ($300.00). The sole issue for us to determine is whether the Commonwealth met this burden.

The Commonwealth has the burden of proving all of the elements of a criminal offense. KRS 500.070. In this case, therefore, the Commonwealth had to prove that the items found in Reed's possession were valued at more than $300.00. In establishing this, the Commonwealth must prove the market value of the stolen items at the time and place of the theft. *Perkins v. Commonwealth*, Ky. Ct.App., 409 S.W.2d 294, 296 (1966). We have held that the testimony of the owner of stolen property is competent evidence as to the value of the property. *Poteet v. Commonwealth*, Ky., 556 S.W.2d 893, 896 (1977). Here the owner of the property testified that the items taken from him were valued at over $300.00. The Commonwealth asserts that this evidence was sufficient to withstand a directed verdict, but the Commonwealth obviously misunderstands the Court of Appeals opinion. Neither the

Court of Appeals, nor the appellee, is disputing the fact that the items *stolen* from Hardin were worth more than $300.00. The appellee, and the Court of Appeals, asserted that the items *found* in the defendant's possession were not proven to be more than $300.00. The Commonwealth presented proof that the only items *found* in Reed's possession were the tool box and a burlap bag with a few tools. Nowhere in the testimony did Mr. Hardin give a specific value for the items found in Reed's possession. In fact, the only testimony at trial regarding the value of the tools was given by Hardin, and he only discusses the value of *all* of the items taken from him.

We do not dispute that an owner may offer an opinion regarding the value of merchandise. But the testimony must have sufficient detail for the jury to make a value determination. There was none here. Moreover, any testimony regarding the value of all of the items stolen from Hardin was irrelevant. The only tools in issue here were those that he admitted selling to Mills, which Mills claimed were worth around $30.00. None of the other tools taken from Hardin were placed or proved to be in Reed's possession. We therefore hold that the Commonwealth did not meet its burden of proving the value of the tools found in Reed's possession were more than $300.00. As a result, Reed's conviction for receiving stolen property in excess of $300.00 is reversed.

For the foregoing reasons, we affirm the judgment of the Court of Appeals and hereby remand this case to the Martin Circuit Court for sentencing on the Class A misdemeanor conviction of receiving stolen property.

All concur.