William Dustin **GOLDSMITH**,
Appellant,

v.

**COMMONWEALTH of Kentucky**,
Appellee.

No. 2009–SC–000768–DG.

Supreme Court of Kentucky.

March 22, 2012.

Julia Karol Pearson, Robert Chung–Hua Yang, Department of Public Advocacy, Frankfort, KY, counsel for appellant.

Jack Conway, Attorney General, Matthew Robert Krygiel, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, counsel for appellee.

Opinion of the Court by Justice NOBLE.

Appellant William D. Goldsmith pleaded guilty to three counts of second-degree criminal possession of a forged instrument in Hickman Circuit Court. His sentence

was probated, but he violated the terms of his probation. He now appeals several aspects of the trial court's handling of his case. In particular, he challenges the trial court's decision at the revocation hearing to run his sentences for the Hickman County crimes consecutively to his sentences in a neighboring county. The Court of Appeals, finding no error, reluctantly affirmed. For the reasons explained below, the Court of Appeals is affirmed in part and reversed in part.

## I. BACKGROUND

Appellant was charged by information in Hickman Circuit Court on January 17, 2007, with three counts of criminal possession of a forged instrument in the second degree, a Class D felony. *See* KRS 516.060. He and his girlfriend, Cari Moore, had written three checks totaling $150.00 on an account belonging to Moore's grandmother, which had been closed due to her death. Goldsmith was apparently also charged in Carlisle Circuit Court with related offenses. These counties are part of the same judicial circuit, and they are served by the same circuit judge.

Appellant and the Commonwealth had reached a "package deal" plea agreement to resolve the charges in both counties. The agreement called for Appellant to enter a plea of guilty to the three Hickman County charges, for which the Commonwealth would recommend one year on each count to be served consecutively for a total of three years; a similar offer applied to the offenses in Carlisle County. The Carlisle County charges are not directly before the Court.

At sentencing in Hickman County on March 1, 2007, Appellant asked the trial court to grant probation rather than im-

pose the recommended sentence. Although the Commonwealth opposed this, the trial court informed Appellant that immediate probation to a drug treatment program would be granted if he agreed to be sentenced to significantly more time than the Commonwealth had recommended. Specifically, the judge indicated he would sentence Appellant to five years on each count, to be run consecutively in the event of probation revocation, for a total of 15 years, but that the sentence would be probated for five years on the condition that Appellant complete a local drug treatment program. Appellant agreed and was sentenced accordingly. Later that same day, he was sentenced to the same terms in the Carlisle County case.

Appellant was subsequently charged with probation violations in both counties for failing to complete his treatment program. He had been ejected from the program for breaking the rules regarding cell phone use. Counsel was appointed on June 7, 2007 to represent him at the probation revocation hearing.

At some point on or before July 5, 2007, Appellant's probation in his Carlisle County case was revoked. Exact details of what occurred at that revocation proceeding are not in the record, nor is that proceeding the subject of this appeal.[1] Based on the limited information in the record about that case, however, it appears that upon revocation of probation, the 15–year sentence of imprisonment for the Carlisle County crimes commenced.

On July 5, 2007, Appellant and counsel appeared for the revocation hearing on the Hickman County charges. At the beginning of the hearing on the revocation motion, Appellant's counsel stipulated to the

1. A photocopy of the case file in the Carlisle County case has been made available by the Commonwealth, but this does not include ex-

act details of those proceedings or the video records of any hearings.

violation. Instead of the usual evidentiary hearing, Appellant's attorney asked only a few questions of his client. The trial court also asked a few questions about the situation and what had happened at the program. Appellant complained that he had been sent to a religious treatment program that he did not like and that had not helped him at all. During arguments on the motion, Appellant's counsel asked the judge to run the sentence in Hickman County concurrently with that in Carlisle County for a total of only 15 years to avoid an unduly harsh sentence.[2] Apparently displeased with Appellant's statements about the treatment program and unmoved by his counsel's argument, the trial judge said that he was leaning toward ordering that the Hickman County case run consecutively to the Carlisle County case, for a total of 30 years' imprisonment.

This set Appellant off, and despite his counsel's efforts to quiet him, he was rude and disrespectful to the judge, and used vulgar language in open court. While the trial court could have proceeded in contempt for this conduct, he did not. Instead, he simply continued the proceedings and ordered the sentence in Hickman County to run consecutively with the Carlisle County sentence on which Appellant had previously been revoked from probation and sentenced to 15 years, for a total aggregate sentence of 30 years.[3]

The Court of Appeals affirmed the trial court. Appellant sought discretionary review, alleging that the sentence was unduly harsh and an abuse of discretion. This Court granted review.

**2.** Appellant's counsel on appeal has erroneously claimed that the trial counsel had urged the court to run the three counts within the Hickman County case concurrently. The Court of Appeals' opinion included the same error.

**3.** In October 2007, after the appeal began, the trial court amended its previous order in the

## II. ANALYSIS

█ A trial court has discretion to impose a sentence of any number of years within the sentencing range allowed by law, including on a plea of guilty. In this case, the Appellant agreed to a sentence of the maximum term of five years on each count, to be run consecutively for a total of 15 years. He did this in exchange for probation requiring successful completion of a drug treatment program.

█ Though Appellant's motion for discretionary review focused on whether his sentence was unduly harsh, his brief raises several issues that could be read as independent attacks on his sentence. For example, he argues, as he did at the Court of Appeals, that he was denied due process at the revocation hearing because no witnesses were called, the trial court did not make an adequate record, and the trial court essentially shifted the burden of proof to him. However, as the Court of Appeals found, there was no need for testimony beyond the questions asked of Appellant, because he stipulated to the violation. To the extent that his due process claim is that his probation should not have been revoked, this Court must deny it. Upon stipulation of the violation, it was in the trial court's sound discretion whether to revoke Appellant's probation, and this Court perceives no abuse of that discretion.

Appellant's due process claim is patterned after this Court's recent decision in *Hunt v. Commonwealth*, 326 S.W.3d 437 (Ky.2010). In *Hunt*, this Court found that

Carlisle County case to run the three five-year sentences in that case concurrently with each other, which would then been served consecutively with the fifteen-year sentence in Hickman County for a total of twenty years. Presumably, this was done so that the overall sentence did not violate the cap established by KRS 532.110(1) and KRS 532.080. However, he could not legally do this at that time.

the defendant had been denied due process because the trial court took testimony from an unsworn probation officer and did not allow cross-examination; the trial court improperly shifted the burden of proof to the defendant by requiring him to show cause as to why he should not be revoked; and that appointing counsel only moments before the revocation proceeding took place did not allow enough time to adequately represent the defendant.

The Commonwealth argues that the *Hunt* claim is procedurally barred because it was not presented to the lower court. While this may be true, it is clearer that none of the *Hunt* factors apply to Appellant. His attorney was appointed several days in advance of the revocation hearing. In fact, the hearing had previously been rescheduled so that Appellant would have time to consult with his newly appointed counsel. Also, the attorney had obviously discussed the case enough with his client that Appellant stipulated the violation. Thus, even if the matter were not procedurally defaulted, Appellant could not prevail on this issue.

At this Court, the due process claim has morphed somewhat to also include a claim that his trial counsel was inadequate. Appellant claims in his reply brief that this claim is simply one of several reasons his sentence was unduly harsh, an issue addressed below, and is not an independent issue. To the extent that it could be read as an independent challenge to his probation revocation and sentence, this Court need only point out that the issue has been raised both too late and prematurely. It has been raised too late in the sense that it was raised for the first time on appeal. It has been raised prematurely in the sense that Appellant has not yet challenged the adequacy of his trial counsel in an RCr 11.42 proceeding and has instead raised the issue in the direct appeal of the proceeding. *See Leonard v. Commonwealth,*

279 S.W.3d 151, 158 n. 3 (Ky.2009) ("As a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered." (quoting *Humphrey v. Commonwealth,* 962 S.W.2d 870, 872–73 (Ky.1998))).

Appellant also argues that what the trial court did amounts to imposing a "hammer clause" since it exceeded the Commonwealth's recommendation, and that such action violates the Separation of Powers doctrine. As this Court recently held in *McClanahan v. Commonwealth,* 308 S.W.3d 694 (Ky.2010), such sentences are not illegal unless the trial court sentences beyond the statutory penalty range for a given offense. Here, the trial court did not go beyond the penalty range on any of the three counts, and it was within his discretion to run each of the counts consecutively, so long as the aggregate did not exceed 20 years. *See* KRS 532.110(1)(c). As to the general claim that the court erred by negotiating the sentence with the defendant, this Court sees no merit. A court is never bound to accept a plea agreement from the Commonwealth on a sentence, but may sentence to any number of years within the penalty range. *See* RCr 8.10. On such sentencing, the defendant may move to withdraw his guilty plea. But here, the Appellant had no reason to do so, having sought probation which the trial judge was willing to give. There is no error on this constitutional issue. Additionally, this issue is also procedurally defaulted, because it was not raised in the court below, was not appealed when the initial judgment was entered, and palpable error review was not sought at the Court of Appeals.

■ For these reasons, the Court of Appeals is affirmed on the due process and

other related claims raised by Appellant. The more troubling issue left in this case is whether the trial court erred in its decision to run the sentence in the Hickman County case consecutively to the sentence in the Carlisle County case.

KRS 532.110 allows a trial court the discretion to run multiple sentences concurrently or consecutively when multiple sentences of imprisonment are imposed.[4] Historically, each crime was charged in its own indictment. In the modern era, multiple crimes may be charged in one indictment. In this case, three crimes were charged in Hickman County under one indictment number, and three in Carlisle County under a different indictment number. The statute specifically speaks to *crimes* rather than indictments. Each count of an indictment is a separate crime, and while there may only be a single indictment in Hickman County, there were three alleged crimes.

Appellant was granted probation on all six crimes to which he entered pleas of guilty, three in Hickman County and three in Carlisle County. When Appellant stipulated to his probation violation, he was revoked first in Carlisle County, and a sentence of five years on each of the three counts was commenced, each to run consecutively to the other for a total of 15 years.

Counsel on appeal claims that when Appellant subsequently appeared in Hickman County, his trial counsel argued that the court could run the three crimes that had occurred there concurrently. In fact, he made no such argument, having only asked the court to run the overall 15–year sentence concurrently with the 15–year sentence in Carlisle County. More important-ly the court could not have revisited whether to run the sentences for the individual counts concurrently because those sentences had already been ordered to run consecutively to each other for a total of 15 years. That sentence was not appealed, as will be discussed later in this opinion. After Appellant's unfortunate comments, the court ordered that the sentences for these three crimes would run consecutively to the sentences for the three crimes in Carlisle County, for a total of 30 years.

When imprisonment is imposed at the sentencing, a trial court must obviously state at that time how the sentences are to run in relation to each other. Likewise, it is at that time that the trial court had discretion to run the sentence of imprisonment on the three Hickman County crimes concurrently or consecutively with the Carlisle County crimes, or any other crime for which Appellant was imprisoned. *See* KRS 532.110(1) ("the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence"). The limit at the time is that the aggregate of the indeterminate terms may "not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." KRS 532.110(1)(c). In this case, that would be 20 years, see KRS 532.080, so it is obvious that the trial court would have erred by imposing a total of 30 years of imprisonment had he done so at sentencing rather than at the probation revocation proceeding. But the record is silent from the. sentencing proceeding and the court's orders as to how the Carlisle and Hickman County cases were to run in relation *to each other.*

---

4. Specifically, KRS 532.110(1) states: "When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional dis-charge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence...." KRS 532.110(1).

On this issue, the Court of Appeals was correct in its determination that the trial court lost jurisdiction to run the sentences in the Hickman County case consecutively to the Carlisle County case under CR 59. "[T]he court has control over its judgment with a right to order a new trial, or alter, amend or vacate the judgment, either on motion or *sua sponte*, for ten days after entry of judgment, but not thereafter." *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky.1994) (interpreting CR 59.04 and CR 59.05); *see Commonwealth v. Gaddie*, 239 S.W.3d 59, 61–62 (Ky.2007) ("[A] trial court loses jurisdiction to amend a judgment in a criminal case ten days after its entry."). In that light, the fact that the judgment is silent as to whether the Hickman and Carlisle County cases were to run consecutively to each other leads to the conclusion that the court did not have the jurisdiction to so order at the probation revocation proceeding.[5]

As previously discussed, the trial court had the discretion upon imposition of sentence to decide whether to run the sentences consecutively within an indictment and between multiple indictments, subject of course to the limitations in KRS 532.110. But we are unable to scrutinize the exercise of the judge's discretion in imposing such consecutive sentences as he did in this case on the three crimes within Hickman County, because Appellant did not appeal that decision. Appellant was sentenced on March 1, 2007. His sentence included a term of imprisonment and a term of probation, which suspended execution of the term of imprisonment. As such, that sentence is not before this court because the time for appealing it began to

run when the judgment was entered. *See* KRS 532.040 ("A sentence to probation or conditional discharge shall be deemed a tentative one to the extent that it may be altered or revoked in accordance with KRS Chapter 533, but for purposes of appeal shall be deemed to be a final judgment of conviction."); KRS 533.020(5) ("Notwithstanding the fact that a sentence to probation . . . can subsequently be modified or revoked, a judgment which includes such a sentence shall constitute a final judgment for purposes of appeal."). Instead, that judgment is subject only to appropriate collateral attacks. What is properly before us is the judge's order revoking probation in Hickman County and ordering the term of imprisonment in that case to be run consecutively to the term of imprisonment imposed in Carlisle County.

■ In ordering the sentences in Hickman County to run consecutively to those in Carlisle County at the probation revocation proceeding, the court simply committed plain error by exercising discretion it did not have. If a sentence is silent as to whether the term of imprisonment is to run consecutively to a term imposed in another case, by operation of law it must run concurrently. *See* KRS 532.110(2) ("If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve. . . ."). When the court has lost jurisdiction to modify the sentence— that is, ten days after entry of the judgment—whether the terms of imprisonment are to be served concurrently or consecutively cannot be changed. This is true

---

**5.** This is true whether the Carlisle County sentence was for fifteen years, as originally imposed, or for only five years, as under the October 2007 order purporting to amend the sentence in that case. While the Court's analysis in this opinion assumes that the fifteen-year sentence in the Carlisle County case was

in effect, the result would be the same with a five-year sentence in that case, since this Court holds that the trial court could not choose to run the sentences in the two cases consecutively at the time of the probation revocation.

even if execution of the term of imprisonment has been suspended by a sentence of probation, since the judgment may be appealed at that time. Because the sentence has already been pronounced, it cannot be altered if a court revokes the defendant's probation.[6] Rather, upon revocation, nothing is left to suspend execution of the term of imprisonment, and the court can only order that the defendant be committed to the Department of Corrections to serve the term of imprisonment.

Here, the trial court decided at the revocation hearing to run the time of the three counts in the Hickman case consecutively with the Carlisle time because he did not like Appellant's criticism of the religious treatment program, because Appellant was exceedingly disrespectful to the court, and because the court did not at that time perceive another remedy. The following dialogue shows the cause of the trial judge's displeasure:

> Judge: Really thought I would [run the Hickman sentences concurrently], Mr. Goldsmith, but an answer of "no excuse" would have been a whole lot better than you telling me it's church based. I can't imagine anything up there was designed to hurt you or inflict anything on you other than help. Those words make me want to run these consecutive.
>
> Goldsmith: F* * *in' do it.
>
> Judge: What say, son?
>
> Goldsmith: I said do it.
>
> Judge: OK.
>
> Defense counsel: Mr. Goldsmith, try to remain silent. Sir I would just—again, I understand the court's made its decision, but again, 30 years for this is unduly harsh.
>
> Judge: *I think you're right.*
>
> Defense counsel: Regardless of this . . . .

> Judge: I think you're right, but your defendant's attitude is not the best in the world, and once he wants to come back, I'll be glad to look at it another day. But today it's going to be consecutive for a total of 30 years in the penitentiary consecutive with Carlisle County 07–CR–001. Give you a little time to think about that Mr. Mills. You may decide you want to ask for help again, I'll be glad to hear from you, the door's not shut to that. *But you best work on a little attitude adjustment between now and then.*

(Emphasis added.)

Indeed, the court's response is understandable, in light of the Appellant's outrageous conduct. Ordinarily, the trial judge has broad discretion and alternative means in handling outbursts in the courtroom such as this one. But imposing an illegal sentence is not one of them. In this case, since Appellant's sentence had already been fixed, and probation had been revoked, it would appear that contempt proceedings would have been the only viable option. The sentencing decision had already been made at the initial sentencing hearing when the court did not specify whether the two sentences would run concurrently or consecutively. Thus, by operation of KRS 532.110(2), they must run concurrently.

The initial sentence the court offered Appellant in exchange for probation to a treatment program also may appear unduly harsh and ill-advised—15 years' imprisonment for crimes involving $150 in forged checks—but this cannot be raised at this late date. As noted above, the time to appeal that aspect of the sentence had already run. Moreover, it was a sentence to which Appellant *agreed.* He was repre-

---

**6.** Of course, the court is not required to revoke probation. Instead, the court could modify the defendant's probation, which could include a period of incarceration. *See, e.g.,* KRS 532.010(6).

sented by counsel at the time, and had an opportunity to ask for advice on the ramifications of agreeing. But he was very eager for probation at the sentencing, and willingly agreed. He obviously did not appeal the decision because it was what he wanted. Moreover, at that time, the trial court's decision to set the higher sentences was directly linked to the crimes committed. Though the trial court entered the maximum sentence, the court had the purpose of putting a young addict in treatment and giving him incentive to succeed on probation. Had Appellant thought the sentence too harsh, he could have taken the sentence recommended by the prosecutor and had the three years imposed, to which he now implies he is entitled. Regardless, that sentence is not properly raised for determination here.

### III. CONCLUSION

Consequently, the Court of Appeals is affirmed in part and reversed in part. The trial court's sentence imposing five years on each count in the Hickman County cases, to run consecutively with each other, stands as the law of the case. However, its order requiring those sentences to be run consecutively to the Carlisle County cases for a total of 30 years is set aside. The Carlisle and Hickman County cases shall run concurrently with each other for a total of 15 years. This case is remanded to Hickman Circuit Court for all orders necessary to correct Appellant's sentences as set forth in this opinion.

All sitting. All concur.