# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 11, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000659-TG

(2013-CA-001732-MR)

TIMOTHY BRITTON                                                APPELLANT

ON APPEAL FROM HOPKINS CIRCUIT COURT
V.                  HONORABLE JAMES CLAUD BRANTLEY, JUDGE
NO. 12-CR-00204

COMMONWEALTH OF KENTUCKY                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Timothy Britton pled guilty to numerous drug and robbery charges stemming from two indictments. Prior to sentencing, Britton filed a motion to withdraw his guilty plea, which the trial court denied. Following the plea agreement's recommendation, the court sentenced Britton to ten (10) years' imprisonment on the charges in each indictment, with terms to run consecutively for a total of twenty (20) years. On appeal, Britton makes two arguments: (1) that his guilty plea was not entered voluntarily or (2) that, in the alternative, the trial court abused its discretion when it denied his motion. For the following reasons, we affirm.

# I. BACKGROUND.

A Hopkins County grand jury brought charges against Britton through two indictments, which were eventually merged. Under case number 12-CR-151, Britton was charged with the felonies of manufacturing methamphetamine, possession of methamphetamine, possession of methamphetamine precursor, and possession of anhydrous ammonia with the intent to manufacture methamphetamine, as well as several misdemeanors. If convicted, Britton faced more than twenty (20) years in prison. Under case number 12-CR-204, Britton was charged with the felonies of manufacturing methamphetamine, sodomy in the first degree, three (3) counts of robbery in the first degree, robbery in the second degree, and burglary in the first degree, as well as the misdemeanors of possession of burglary tools and carrying a concealed deadly weapon. If convicted, Britton faced twenty to fifty (20-50) years or life in prison.

Assisted by his attorney, Britton mediated both indictments with the Commonwealth before Special Judge David Jernigan on February 14, 2013. After several hours, the parties reached an agreement. Under 12-CR-151, Britton agreed to plead guilty to manufacturing methamphetamine, possession of methamphetamine, possession of methamphetamine precursor, and possession of anhydrous ammonia with the intent to manufacture methamphetamine. In exchange, the Commonwealth agreed to dismiss the misdemeanors and recommend a sentence of ten (10) years' imprisonment. Under 12-CR-204, Britton agreed to enter an *Alford* plea to manufacturing

methamphetamine, possession of burglary tools, carrying a concealed deadly weapon, and the amended charges of wanton endangerment in the first degree, burglary in the second degree, and four (4) charges of robbery in the second degree. The Commonwealth agreed to recommend a sentence of ten (10) years' imprisonment to run consecutively with the sentence under 12-CR-151 for a total of twenty (20) years.

As part of the agreement, Britton would be eligible for parole after serving twenty percent (20%) of his sentence, rather than eighty-five percent (85%) if he were convicted of the original charges. Also, because the Commonwealth agreed to dismiss the sodomy charge, Britton would not be required to register as a sex offender.

That same day, Britton entered his plea of guilty before the trial court and agreed under oath that: his participation in the mediation was voluntary and he did not feel coerced, threatened, or forced to participate; he believed the process was fair and he was treated fairly by all parties to the mediation; and he had a sufficient opportunity to discuss his options with his attorney during mediation. Britton's attorney stated that: he had explained the elements of all the charges and potential defenses to Britton; Britton understood his rights; and the plea was consistent with his advice. The Commonwealth then read the combined plea agreement into the record.

The trial court proceeded to conduct a *Boykin* colloquy, during which Britton stated that: he was forty-three (43) years old; he had an eleventh (11th) grade education; he had never been treated for a mental illness; he was not

under the influence of alcohol or any other drug; and his judgment was not impaired in any way. Based on the preceding, the trial court found Britton mentally competent to enter the plea. Britton agreed that: he understood the nature and consequences of all the charges and that by pleading guilty the trial court, not a jury, would set his sentence; he had been afforded all the time he needed to discuss his case with his attorney and that he had disclosed everything that might be relevant to any defense. Britton did not make any complaints about his attorney.

In regard to 12-CR-151, Britton acknowledged that he understood the Commonwealth's evidence in support of the charges, and he admitted that he engaged in the charged conduct. With respect to 12-CR-204, Britton stated he understood the meaning and significance of an *Alford* plea. Finally, Britton agreed that: by pleading guilty he was waiving his right to a jury trial and his right to appeal; no threats or promises had been made to him causing him to plead guilty; and his plea was being made willingly, freely, and voluntarily. With the assistance of his attorney, Britton reviewed all the plea forms and signed each of them. The trial court accepted Britton's guilty plea and found that the plea had been entered willingly, freely, and voluntarily and that Britton made a knowing and intelligent waiver of his rights.

Almost two and a half months later and prior to sentencing, Britton filed a motion to withdraw his guilty plea in case number 12-CR-204. The trial court held a hearing on the motion on June 25, 2013. During the hearing, Britton argued he entered the plea involuntarily because of the nature of the

4

merged indictments.  The trial court denied the motion to withdraw the guilty plea and ultimately sentenced Britton to the aggregate agreed to sentence of 20 years' imprisonment.

## II. ANALYSIS.

As noted above, Britton raises two arguments on appeal.  We address each separately below.

**A.    The Trial Court Did Not Err When It Found Britton's Guilty Plea Was Entered Voluntarily.**

A trial court may accept a guilty plea upon a determination, on the record, that the plea was voluntarily and intelligently made, "with sufficient awareness of the relevant circumstances and likely consequences." *Porter v. Commonwealth*, 394 S.W.3d 382, 385 (Ky. 2011) (quoting *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)); RCr 8.08.  Prior to sentencing, when a defendant moves to withdraw his or her guilty plea, the court must hold a hearing to determine whether the plea was entered voluntarily.  *Porter*, 394 S.W.3d at 385.  If the court finds the plea was involuntary, it has no discretion and must grant the motion to withdraw.  *Id*. at 385-86.  However, if the trial court determines the plea was voluntary, it may deny the motion to withdraw according to its discretion.  *Id.*

When determining whether a guilty plea is voluntary, intelligent and made with sufficient awareness, the trial court considers the totality of the circumstances surrounding the plea.  *Bronk v. Commonwealth*, 58 S.W.3d 482 (Ky. 2001).  Thus, the trial court is in the best position to make this inherently

5

factual inquiry which requires considering the defendant's demeanor, background and experience, as well as, any indication of "reluctance, misunderstanding, involuntariness, or incompetence to plead guilty." *Id.* at 487. Sworn declarations by the defendant in open court that his or her guilty plea is made voluntarily are not conclusive, but they do "'carry a strong presumption of verity.'" *Johnson v. Commonwealth*, 412 S.W.3d 157, 168 (Ky. 2013) (quoting *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006)). Accordingly, an appellate court reviews a trial court's finding regarding voluntariness for clear error, that is, whether the determination was supported by substantial evidence. *Porter*, 394 S.W.3d at 386.

In this case, the trial court's finding of voluntariness is supported by substantial evidence. The trial court placed Britton under oath and, in open court and on the record, conducted a thorough exam of both Britton and his attorney to determine the voluntariness of Britton's plea. Britton admitted that he understood the nature of all the charges, the potential defenses, and the result of his plea of guilty; he made a full and knowing waiver of his rights; and he agreed that the plea was being made willingly, freely, and voluntarily and that it was not a product of threats or promises. Britton indicated that he had sufficient time to discuss his case with his attorney and had no complaints with his representation. Britton's attorney submitted to the court that Britton understood his rights and that a guilty plea was consistent with his advice. Moreover, the trial court specifically explained the difference between the two indictments and between the standard guilty plea and the *Alford* plea. Finally,

6

the court went beyond the *Boykin* requirements when it inquired into the mediation process. As noted above, Britton agreed that his participation in mediation was voluntary and that he believed the process and negotiations were fair. Because substantial evidence exists to support the trial court's finding of voluntariness, no clear error exists.

## B. The Trial Court Did Not Abuse Its Discretion When It Denied Britton's Motion To Withdraw Guilty Plea.

Despite finding that a guilty plea is voluntarily entered, "[a]t any time before judgment the court *may* permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." RCr 8.10; *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002) (emphasis added). It is well established that an appellate court reviews a trial court's ruling on a motion to withdraw for abuse of discretion or whether it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Porter*, 394 S.W.3d at 386; *Edmonds*, 189 S.W.3d at 570.

Here, the trial court did not abuse its discretion when it denied Britton's motion to withdraw. The trial court properly held a hearing and considered written and oral arguments from Britton and the Commonwealth. The trial court reviewed the record and specifically recalled Britton's voluntary plea affirmations. Moreover, the agreement was freely negotiated and fair to Britton for three reasons: (1) he received a sentence of twenty (20) years' imprisonment instead of the life sentence he could have received; (2) he reduced his parole eligibility from eighty-five percent (85%) to twenty percent (20%); and (3) he will

7

not be required to register as a sex offender. The denial of Britton's Motion to Withdraw Guilty Plea was reasonable, fair, and supported by sound legal principles.

While Britton acknowledges the abuse of discretion standard, he also submits that this court should consider the federal approach. Federal Rule of Criminal Procedure 11(d) allows for the withdrawal of a guilty plea upon a showing by the defendant of any "fair and just reason." This Court has mentioned this rule twice before; however, we have declined to adopt it in our criminal rules.[1] Furthermore, our abuse of discretion standard takes into account the fairness and reasonableness of the trial court's decision making. Moreover, Britton unsuccessfully articulated this argument in his brief when he set out the standard but then failed to specifically identify any fair and just reason other than the lack of voluntariness for withdrawing his guilty plea.

Even if we assume for the sake of completeness that Britton had argued here as he argued before the trial court, we would not be persuaded. In his original Motion to Withdraw Guilty Plea, Britton argued that his plea under 12-CR-204 was entered involuntarily because, during the mediation, the Commonwealth would only accept a "package deal." Britton claimed that he was ready and willing to plead guilty to 12-CR-151 but that he wanted to take 12-CR-204 to trial. However, the Commonwealth would only enter into a plea

---

[1] In *Bowman v. Commonwealth*, No. 2005-SC-000234-TG, 2006 WL 141586, at *9 (Ky. Jan. 19, 2006), Justice Scott, in an unpublished dissenting opinion, advocated for the use of this approach when a reviewing court considers the totality of circumstances surrounding a guilty plea. In *Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012), the defendant made a similar argument, but this Court declined to address it because the issue was not properly preserved.

agreement if Britton pled guilty to charges in both indictments. Britton argued that this negotiation tactic was coercive and led to an involuntary plea.

It is undisputed that a defendant has an absolute right to unconditionally plead guilty to crimes charged in an indictment. *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky. 1992). But no defendant has a constitutional right to plea bargain; the prosecutor may engage in plea bargaining or not in his sole discretion. *Commonwealth v. Reyes*, 764 S.W.2d 62, 64 (Ky. 1989). Because no duty to bargain exists, the Commonwealth is free to make an offer and the defendant is free to accept or reject that offer. Should either party dislike the proposed agreement, the defendant or the Commonwealth may reject it and proceed to trial.

Here, the trial court properly summed up Britton's argument when it asked, "[w]hat he wants to do is take advantage of a portion of the deal and disregard the rest of it?" Britton was attempting to withdraw half of the plea bargain. He had the right to plead guilty to any and all of the charges against him, but he did not have the right to accept the Commonwealth's recommended sentence unless he accepted the entire bargain. Furthermore, offering a "package deal" of this type is not unreasonable or coercive. It is common practice for the Commonwealth to resolve multiple indictments or charges in two or more counties. *See Goldsmith v. Commonwealth*, 363 S.W.3d 330, 331 (Ky. 2012).

## III. CONCLUSION.

For the foregoing reasons, we affirm the trial court's denial of Britton's motion to withdraw his guilty plea.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kathleen Kallaher Schmidt
Karen Shuff Maurer
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General