RENDERED: JULY 8, 2022; 10:00 A.M.
TO BE PUBLISHED

ORDERED PUBLISHED: SEPTEMBER 2, 2022; 10:00 A.M.

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-1133-MR

AMY BURNS          APPELLANT

           APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANGELA MCCORMICK BISIG, JUDGE
           ACTION NO. 19-CR-000510-001

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: Amy Burns appeals from the Jefferson Circuit Court's findings of fact, conclusions of law, and judgment denying her motion to amend a sentence imposing restitution. Upon review of the record and applicable law, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 2019, Amy Burns pleaded guilty to second-degree burglary, theft by unlawful taking over $10,000, receiving stolen property under $500, and illegal possession of drug paraphernalia.

Burns entered the victim's home through an unlocked back door. The victim, Stephanie Schaefer, knew Burns's partner, Christopher Ulmer, from The Healing Place, a men's rehabilitation center where Schaefer worked for 13 years. Schaefer had invited Ulmer to her house on previous occasions. Schaefer noticed 39 pieces of jewelry were missing when she returned home and called the police. Schaefer recognized Burns from home security footage. Police found some of the jewelry when they executed a search warrant of Burns's home. Shaefer had provided the police with a list of the stolen items along with insurance appraisals of four of the items. Of the 39 pieces of jewelry that were missing, police were only able to recover five pieces, valued at $3,059. Schaefer received $2,500 in insurance proceeds with the total loss of the unrecovered items valued at $201,305.18.

Burns was given a five-year sentence which was probated for five years. After a restitution hearing on October 12, 2020, she was ordered to pay $201,305.18 in restitution jointly and severally with her co-defendant Christopher Ulmer.

On June 10, 2021, Burns tested positive for Xanax and Fentanyl and left a treatment center before she completed the program. The Commonwealth filed a motion to revoke her probation. At the probation revocation proceedings, defense counsel filed a motion to amend the restitution order, arguing that the restitution was capped at $100,000 by Kentucky Revised Statutes (KRS) 533.030(3) and that no evidence of gain had been presented at the hearing. The trial court denied the defense motion. This appeal followed.

## ANALYSIS

### a. Standard of Review

The trial court's interpretation of KRS 533.030(3) is a matter of law, and the construction and application of laws is reviewed *de novo*. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cabinet*, 983 S.W.2d 488, 490 (Ky. 1998). The trial court's factual findings are reviewed under a clearly erroneous standard. Kentucky Rules of Civil Procedure (CR) 52.01. The trial court is the factfinder in the matter of restitution. *Donovan v. Commonwealth*, 376 S.W.3d 628, 631 (Ky. App. 2012). The fact-finding is not clearly erroneous if it is supported by substantial evidence. Substantial evidence is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003).

### b. Analysis

Burns argues that the trial court exceeded the statutory cap on restitution and thus failed to correct an illegal sentence. KRS 533.030(3) provides in pertinent part as follows:

> When imposing a sentence of probation or conditional discharge in a case where a victim of a crime has suffered monetary damage as a result of the crime due to his or her property having been converted, stolen, or unlawfully obtained, or its value substantially decreased as a result of the crime, . . . the court shall order the defendant to make restitution in addition to any other penalty provided for the commission of the offense. . . . Restitution shall be ordered in the full amount of the damages, unless the damages exceed one hundred thousand dollars ($100,000) or twice the amount of the gain from the commission of the offense, whichever is greater, in which case the higher of these two (2) amounts shall be awarded.

Burns argues that the $201,305.18 in restitution payments was an illegal sentence because it exceeded the $100,000 cap. However, the sentence was imposed because of the gain Burns and Ulmer made in stealing over $200,000 worth of jewelry; this fits within the second possible cap of up to twice the amount of the gain from the commission of the offense.

Burns states that the second possible cap should not apply because she made no gain from the offense. She urges the Court of Appeals to apply a definition of gain as the profit realized by the sale of wrongfully taken property, otherwise known as "disgorgement." But the definition Burns urges the Court to

-4-

adopt would frustrate the purpose of restitution, which has been described by the Kentucky Supreme Court as "a system designed to restore property or the value thereof to the victim. It is not punishment to make the criminal give back something which was never his and which was obtained by him only by commission of a crime." *Commonwealth v. Bailey*, 721 S.W.2d 706, 707 (Ky. 1986). To require the gain that must be paid as restitution to only come from profits obtained by selling the ill-gotten property would frustrate this purpose. In cases like the present one, the victim would neither have their property restored nor receive the value thereof if the defendant did not sell it for its full value. It essentially would punish the victim for a defendant's bad deal.

Statutes which are remedial in nature should be liberally construed in favor of their remedial purpose. *Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers*, 13 S.W.3d 606, 611 (Ky. 2000). The Kentucky Supreme Court has stated that KRS 533.030 "clearly authorizes restitution for the full amount of the damages. Such restitution is intended to fully compensate for the loss incurred[.]" *Hearn v. Commonwealth*, 80 S.W.3d 432, 436 (Ky. 2002). Furthermore, "[a]ll words and phrases shall be construed according to the common and approved usage of language[.]" KRS 446.080(4). Interpreting the gain from the offense to be the value of what was stolen fits with the common usage of "gain." Burns and Ulmer certainly gained the value of those items when they were in their

possession, and they did not have that value before the commission of the crime. This interpretation is also in accordance with the definition of "gain" in KRS 534.010, which deals with fines in a manner similar to how KRS 533.030 deals with restitution. KRS 534.010 defines gain as, "the amount of money or the value of property derived from the commission of the crime, less the amount of money or the value of property returned to the victim of the crime or seized by or surrendered to lawful authority prior to the time sentence is imposed."

As a part of her argument that she made no gain from the theft, Burns states that the facts established at the restitution hearing lacked any indicium of reliability to support a finding of gain and thus the finding violated due process. She points to the lack of information about the sum she received from selling the jewelry to pawn shops. However, the court had substantial facts to conclude that the value of the unrecovered jewelry was $203,805.18 with the $2500 insurance payout subtracted. "[T]estimony of the owner of stolen property is competent evidence as to the value of the property." *Commonwealth v. Reed*, 57 S.W.3d 269, 270 (Ky. 2001). It simply must be of sufficient detail for the factfinder to make a determination. *Id*. at 271. Stephanie Schaefer testified as to the value of the jewelry and provided documentation of the price of the jewelry along with insurance estimates of several pieces. The finding of the amount was an issue of fact and as such shall not be set aside unless clearly erroneous. *Donovan*, 376

S.W.3d at 631. It was not clearly erroneous for the trial court to find the value of the jewelry to be $203,805.18 based on the testimony of Schaefer and the investigating officer along with the documentation provided. There is no rigid and precise formula a trial court must use when calculating restitution damages and KRS 533.030 gives a great deal of discretion to trial court judges when determining restitution amounts. *Dickerson v. Commonwealth*, Nos. 2015-CA-000482-MR and 2015-CA-000486-MR, 2016 WL 6134903 (Ky. App. Oct. 21, 2016). The trial court's factual findings were not clearly erroneous and so they cannot be overturned.

Burns argues that the trial court lacked jurisdiction to find that she had made a gain because CR 52.02 and CR 59 strip the circuit court of jurisdiction to amend its findings or rulings in a judgment ten days after its entry into the official record. She argues that by referring to a "gain" in the denial of the motion to amend, the trial court made a substantive change to its earlier order which is barred by the Kentucky Rules of Civil Procedure. A challenge to jurisdiction is typically a question of law and is reviewed *de novo*. *Karem v. Bryant*, 370 S.W.3d 867, 869 (Ky. 2012). Burns is correct that the trial court has control over its judgment in regard to ordering a new trial, or altering, amending, or vacating the judgment, for ten days after the judgment is entered but not thereafter. *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky. 1994). Here however, the trial court did not make any

alteration or amendment to its judgment. Burns cites *Goldsmith v. Commonwealth*, 363 S.W.3d 330 (Ky. 2012), as an example of an alteration that the trial court did not have jurisdiction to make due to the passage of time. However, the probation revocation at issue in *Goldsmith* involved a change which led to the sentence being run consecutively with another sentence. *Id*. Here it merely involved the court referring to Burns having a "gain" from her crime whereas the word "gain" was not mentioned in the initial restitution order. That is a far less substantial change than in *Goldsmith* if it is even considered a change at all, given that the amount of restitution was not altered.

## CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's judgment.


ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Christopher B. Thurman<br>Louisville, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Kristin L. Conder<br>Assistant Attorney General<br>Frankfort, Kentucky |