RENDERED:  DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0819-MR

THOMAS J. HONEYCUTT                                                APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.        HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NO. 17-CR-00417

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Thomas Honeycutt ("Honeycutt") appeals from the Order of

the Bell Circuit Court sentencing him to fifteen-years' imprisonment to run

consecutively with his sentences from Knox and Laurel Counties, totaling twenty-

five-years' imprisonment.  For the foregoing reasons, we reverse and remand for

further proceedings consistent with this Opinion.

# BACKGROUND

On May 1, 2017, Honeycutt stole a vehicle in Laurel County. While intoxicated, Honeycutt fled from law enforcement into Knox County and, ultimately, Bell County, where he crossed into oncoming traffic and collided with another vehicle. The driver of the other vehicle suffered serious injuries. Honeycutt then fled on foot in Bell County until he was apprehended by the police.

Honeycutt was indicted in Laurel, Knox, and Bell Counties on multiple charges, all stemming from the same event. On April 30, 2018, in Laurel County, Honeycutt pled guilty to theft by unlawful taking, a Class D felony, and received a five-year sentence. Laurel County Action No. 17-CR-00262. On April 29, 2018, in Knox County, Honeycutt pled guilty to wanton endangerment, fleeing or evading police, and receiving stolen property, all Class D felonies, and received a ten-year sentence. Knox County Action No. 17-CR-00167. On May 21, 2018, in the underlying action in Bell County, Honeycutt pled guilty to two counts of fleeing or evading police, a Class D felony, and to assault second degree, a Class C felony, and received a fifteen-year sentence. The Bell County sentences were to run consecutively to those in Laurel and Knox County, for a total sentence of twenty-five-years' imprisonment.

On June 19, 2023, Honeycutt filed a motion pursuant to Kentucky Rules of Civil Procedure ("CR") 60.02 asserting that his twenty-five year sentence

exceeds the statutory cap on Class C and D felonies of twenty years. He argues that since he was already sentenced to ten-years' imprisonment in Laurel and Knox Counties, the consecutive fifteen-year sentence in his Bell County case should be amended. The trial court denied Honeycutt's motion, determining that the motion was untimely and that it had no authority to change its judgment. This appeal follows.

## STANDARD OF REVIEW

We review a trial court's decision on a motion pursuant to CR 60.02 for an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Questions regarding statutory interpretation are reviewed *de novo*. *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007).

## ANALYSIS

On appeal, Honeycutt argues that the trial court violated Kentucky Revised Statutes ("KRS") 532.110 and KRS 532.080 by imposing a fifteen-year sentence of imprisonment to run consecutively to his ten-year sentence imposed by the Laurel and Knox Circuit Courts. He asserts that pursuant to KRS 532.110 and KRS 532.080, the maximum aggregate sentence the trial court could impose upon

-3-

him was twenty years as the highest class of crime he pled guilty to was a Class C felony.  The Commonwealth argues that Honeycutt's motion is untimely as it was brought five years after he was sentenced.

We disagree with the Commonwealth.  The issue of correcting an illegal sentence may be brought by a movant regardless of the amount of time that has passed since the original sentence.  *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018).  And although Honeycutt did enter into a guilty plea agreement which sentenced him to a total of twenty-five-years' imprisonment, a court "cannot condone an illegal sentence regardless of a defendant's consent."  *Id.* (internal quotation marks omitted).  "A sentence that lies outside the statutory limits is an illegal sentence[.]"  *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010).  Accordingly, we will address the merits of Honeycutt's claim.

We first turn to KRS 532.110(1)(c), which governs consecutive and concurrent sentences:

> (1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:
>
> . . . .
>
>     (c) . . . [T]he aggregate of consecutive indeterminate terms shall not exceed in maximum

-4-

length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed[.]

The relevant portion of KRS 532.080 explains:

> (6) A person who is found to be a persistent felony offender in the first degree shall be sentenced to imprisonment as follows:
>
> . . . .
>
> > (b) If the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

KRS 532.080(6)(b). *See Commonwealth v. Durham*, 908 S.W.2d 119 (Ky. 1995).

In *Goldsmith v. Commonwealth*, 363 S.W.3d 330 (Ky. 2012), Goldsmith was convicted on multiple Class D felony charges in Hickman County and Carlisle County. Both courts sentenced Goldsmith to fifteen-years' imprisonment, but both judgments were silent as to how those sentences would run, concurrently or consecutively. *Id.* at 331, 334. Goldsmith was granted probation in both actions; however, he violated the terms of his release. *Id.* at 331. Upon revoking probation, the Hickman Circuit Court ordered its fifteen-year sentence to run consecutively to the fifteen-year sentence in the Carlisle Circuit Court, for a total of thirty-years' imprisonment. *Id.* at 332.

On appeal, the Supreme Court of Kentucky determined that KRS 532.110 and KRS 532.080 limited Goldsmith's maximum aggregate sentence to twenty years at the time of his sentencing. The Court explained that:

> [t]he limit at the time [imprisonment is imposed] is that the aggregate of the indeterminate terms may "not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." KRS 532.110(1)(c). In this case, that would be 20 years, *see* KRS 532.080, so it is obvious that the trial court would have erred by imposing a total of 30 years of imprisonment had he done so at sentencing rather than at the probation revocation proceeding.

*Goldsmith*, 363 S.W.3d at 334.

As with Goldsmith's case, Honeycutt's total sentence of twenty-five-years' imprisonment was the result of multiple offenses in multiple counties, and his convictions on Class C and D felonies are governed by the same limits. Therefore, pursuant to *Goldsmith*, the maximum aggregate sentence Honeycutt could receive is only twenty years, and the trial court violated KRS 532.110 and KRS 532.080 by imposing a twenty-five year aggregate sentence of imprisonment. Upon remand, the trial court is directed to resentence Honeycutt to not less than ten-years' and no more than twenty-years' imprisonment, which shall run consecutively with the Laurel County and Knox County sentences of imprisonment in Action Nos. 17-CR-00262 and 17-CR-00167 up to the maximum aggregate

sentence of twenty years for the conviction in all three counties. KRS 532.110; KRS 532.080.

## CONCLUSION

For the foregoing reasons, the judgment of the Bell Circuit Court is reversed and remanded with directions.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| J. Ryan Chailland<br>Frankfort, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Joseph A. Beckett<br>Assistant Attorney General<br>Frankfort, Kentucky |