RENDERED: APRIL 24, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0134-MR

BILLY MCKENZIE                                                          APPELLANT

v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NOS. 18-CR-00688 AND 18-CR-00689

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
REVERSING IN PART
AND AFFIRMING IN PART

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE: Appellant Billy McKenzie appeals from the order of the Boyd

Circuit Court revoking probation and sentencing him to consecutive terms of

imprisonment for two counts of flagrant nonsupport. We reverse in part and affirm

in part.

# BACKGROUND

Appellant McKenzie pleaded guilty in separate prosecutions, each to one count of flagrant nonsupport relating to children by two mothers. His plea agreement in each case sentenced him to five years imprisonment, to be probated contingent upon his payment of child support to each mother.

After missing regularly scheduled probation report days without explanation, failing to make consistent payments, not appearing for hearings, and not complying with attempted graduated sanctions imposed by the court, his probation was revoked. McKenzie now appeals the court's order, arguing the court erred by violating his due process in revoking probation and in sentencing him to consecutive terms. We will set forth additional facts as necessary.

# ANALYSIS

I. **The trial court erred in ordering McKenzie to serve consecutive sentences when revoking probation, given that it had not provided for consecutive sentences during the initial sentencing.**

This issue is unpreserved. However, the issue is one of sentencing and "an appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court." *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011). Our review is not impeded by the failure to preserve the alleged error. *Id.*

On July 11, 2019, the trial court conducted a hearing at which McKenzie entered a guilty plea in his two cases, Nos. 18-CR-00688 and 18-CR-00689. He executed a separate probation agreement in each case. Specific to his case number 18-CR-00688, McKenzie's counsel presented his agreement to a five-years' sentence, to be probated for five years, conditioned on his payment of all court-ordered child support thereafter due as well as payment of his arrearage of $6,836.99 in sixty equal installments of $113.94 per month for sixty months.

The agreement in No. 18-CR-00689 was identical but for different payment amounts: a five-year sentence, to be probated for five years, conditioned on McKenzie's payment of all court-ordered child support thereafter due as well as payment of his arrearage of $6,814.50 in sixty equal installments of $113.57 per month for sixty months.

Although McKenzie signed two separate probation agreements, he argues that since the court heard both cases simultaneously, and absent any oral or written indication that the sentences were to run concurrently or consecutively, the court signaled to him that the sentences were concurrent. This argument is premised upon KRS[1] 532.110, which states a court shall determine "at the time of sentence" whether multiple sentences of imprisonment imposed on a defendant are to run concurrently or consecutively. KRS 532.110(1). If the court does not

[1] Kentucky Revised Statutes.

specify the manner in which a sentence is to run, the sentence shall run concurrently with any other sentence which the defendant must serve, subject to limited exceptions inapplicable here. KRS 532.110(2).

After careful review, we are unable to locate any reference to either "concurrent" or "consecutive" sentencing in either of the court's July 2019 orders. It was not until the September 19, 2023 probation revocation order that the term "consecutive" was used to describe McKenzie's sentence. The subsequent order reads as follows: "As a result, the probation in Mr. McKenzie's two cases are [sic] hereby revoked as of entry of this Order and he is sentenced to five years in 18-CR-688 and five years in 18-CR-689. These two sentences are to run consecutively." (R. at 93).

We are unpersuaded by the Commonwealth's argument that because he pleaded guilty in two cases, the consecutive nature of his sentences is simply "the inconvenient truth." (Appellee's Br. at 6). The Commonwealth does not provide any caselaw to substantiate its argument and we are similarly unable to find support for such an assertion.

Merely pleading guilty in two separate cases does not automatically give rise to consecutive sentencing. KRS 532.110 plainly affords a trial court the discretion to run multiple sentences concurrently or consecutively when multiple sentences are imposed. *Goldsmith v. Commonwealth*, 363 S.W.3d 330, 334 (Ky.

-4-

2012). While we acknowledge the separate agreements may indicate an intention for separate and therefore consecutive sentences, absent any specification from the court, we agree with McKenzie that KRS 532.110(2) applies. McKenzie was, in effect, sentenced to two five-year probated terms to be served concurrently.

Ordering the sentences of imprisonment to run consecutively when revoking McKenzie's probation was an improper modification of the judgment. "When the court has lost jurisdiction to modify the sentence—that is, ten days after entry of the judgment—whether the terms of imprisonment are to be served concurrently or consecutively cannot be changed." 363 S.W.3d at 335. "[U]pon [probation] revocation, nothing is left to suspend execution of the term of imprisonment, and the court can only order that the defendant be committed to the Department of Corrections to serve the term of imprisonment." *Id*. at 336.

By remaining silent on the issue, the court necessarily implicated KRS 532.110(2)'s requirement that the sentences shall run concurrently. Under *Goldsmith*, the only option left to the court upon revocation of his probation was to order McKenzie to serve his sentence: two five-year sentences to be served concurrently. To order otherwise was error.

II.     **It was within the trial court's discretion to revoke McKenzie's probation.**

McKenzie's next argument is that the trial court violated his due process rights by revoking his probation without considering whether his failure to

pay was willful or considering any alternatives to incarceration. On appeal, we review a decision to revoke probation for an abuse of discretion. *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009).

Probation revocation hearings "must be conducted in accordance with minimum requirements of due process of law." *Rasdon v. Commonwealth*, 701 S.W.2d 716, 718 (Ky. App. 1986). KRS 533.050(2) provides "the court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification." To revoke probation, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation. *Lopez*, 292 S.W.3d at 881.

Here, the trial court gave notice of and conducted a probation revocation hearing. McKenzie and his counsel were both present at this hearing and were provided with an opportunity to be heard and cross-examine adverse witnesses. That is not disputed. Rather, McKenzie's misgivings concern the court's failure to consider whether he had made sufficient bona fide efforts to pay, pursuant to *Bearden v. Georgia*'s ruling that courts cannot revoke an indigent person's parole simply based on his inability to pay a fine or restitution. 461 U.S. 660, 672 (1983).

The application of *Bearden* to plea agreements in flagrant nonsupport cases was discussed at length in *Commonwealth v. Marshall*, the case to which McKenzie directs us. 345 S.W.3d 822, 834 (Ky. 2011). In *Marshall*, the Kentucky Supreme Court granted discretionary review of two flagrant nonsupport cases to address due process requirements when a trial court considers a motion to revoke probation. *Id*. at 823. Citing constitutional concerns, the court determined that the *Bearden* principles "do not disappear simply because a defendant originally agreed to make payments in a plea bargain as opposed to the trial court imposing payment conditions in a probation order on its own initiative." *Id*. at 830. Instead, upon consideration of a motion for revocation for failure to comply with payment conditions, a court must determine whether (1) the defendant has made sufficient bona fide efforts to make payments and, if so, (2) whether alternative punishments might satisfy the state's penological interests or whether imprisonment is still necessary for the purposes of punishment or deterrence. *Id*. at 832.

Before we address the court's findings regarding McKenzie's bona fide efforts to pay, we first outline the various unsuccessful alternative punishments imposed by the court.

At the May 12, 2022, hearing where the court found McKenzie in contempt after thrice failing to appear for his scheduled hearings, he was sentenced

to twenty-one days in jail and the remaining portion of his previously unsupervised probation was modified to thereafter be supervised by the Division of Probation and Parole. Instead of revoking his probation, these alternative measures were taken. The court appeared optimistic even after multiple missed payments and after three bench warrants had been issued for McKenzie.

But the court's optimism was not met with McKenzie's discernment. On December 6, 2022, the Division of Probation and Parole filed a violation of supervision report. McKenzie had failed to report for regularly scheduled probation report days, failed to make his court-ordered child support payments as directed, and was unreachable. Another hearing was held on March 2, 2023, where McKenzie was again found in contempt of court and ordered to spend twenty-two days in jail. He was also ordered to complete fifteen days in the Boyd County Work Program and his probation was extended until all payments were complete.

Another violation of supervision report dated August 10, 2023, indicated he absconded for the second time since being placed on supervision. The division accordingly recommended revocation of his sentences in both cases.

A final revocation hearing was held on September 13, 2023. At the hearing, the court heard testimony from an employee of the Boyd County Child Support office that McKenzie's payments have been almost non-existent since entry of his pleas. Between 2021 and 2022, he made only six total payments

toward the two judgments. In 2023, he paid a total of $750.00. These amounts fall far short of the required monthly payments in both cases.

Because the Commonwealth was able to demonstrate various probation violations by a preponderance of the evidence, the burden shifted to McKenzie to persuade the court that he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own. *Gamble v. Commonwealth*, 293 S.W.3d 406, 411 (Ky. App. 2009). He did not meet his burden.

McKenzie testified at the revocation hearing that he began working full time and had not completed his requirements nor reported to probation because he was so busy with his job requirements. Despite being employed, McKenzie did not explain why he had not made substantial payments.

The burden of demonstrating bona fide efforts to pay as required under the *Bearden* analysis was borne by McKenzie. The trial court was not persuaded, finding it "clear that Mr. McKenzie does not intend to pay his child support payments." (R. at 92). It further noted the only time he made any substantial payment was when a bench warrant was issued for his arrest. Alternative measures were imposed on two different occasions, both to no avail. McKenzie demonstrated little to no interest in complying with any of his probation conditions.

McKenzie had ample opportunity to make his required payments. He did not. He then had the opportunity to explain to the court why his bona fide efforts to pay failed. But again, he did not. We find no error in the Boyd Circuit Court's revocation of McKenzie's probation.

## CONCLUSION

The Boyd Circuit Court's order is affirmed in part and reversed in part. The trial court's order revoking McKenzie's probation is affirmed. However, its order requiring the sentences to be served consecutively is reversed. The two cases shall run concurrently with each other for a total of five years. This matter is remanded to the Boyd Circuit Court for further proceedings as set forth in this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayley Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky