COMMONWEALTH of Kentucky,
Appellant,

v.

Vincent Patrick O'BRYAN, Appellee.

No. 2001–CA–002285–MR.

Court of Appeals of Kentucky.

Feb. 14, 2003.

Albert B. Chandler III, Attorney General, William Robert Long Jr., Assistant Attorney General, Frankfort, KY, for appellant.

Gene Lewter, Lexington, KY, for appellee.

Before: BUCKINGHAM, HUDDLESTON and JOHNSON, Judges.

## OPINION

JOHNSON, Judge:

The Commonwealth of Kentucky has appealed from an amended order entered by the Fayette Circuit Court on October 22, 2001, which amended the final judgment and sentence of imprisonment of Vincent Patrick O'Bryan. The amended order relieved O'Bryan from having to pay restitution in connection with his conviction for unauthorized use of a motor vehicle [1] (4 counts) and receiving stolen property (firearm).[2] Having concluded that the circuit court erred by ruling that it had no authority to order restitution since it was sentencing the defendant to a term of incarceration, we reverse.

On April 30, 2001, a Fayette County grand jury charged O'Bryan in an indictment with four felony counts of theft by unlawful taking over $300.00 [3] involving the alleged theft of four motor vehicles, with one felony count of receiving stolen property (firearm), and with one felony count of unlawful transaction with a minor in the second degree.[4] On July 17, 2001, O'Bryan pled guilty pursuant to a plea agreement to four misdemeanor counts of unauthorized use of a motor vehicle and to one felony count of receiving stolen property (firearm).[5]

At the sentencing hearing on October 5, 2001, the trial court followed the Commonwealth's recommendation and sentenced O'Bryan to four 12–month jail sentences for the convictions for unauthorized use of a motor vehicle and to a one-year prison sentence for receiving stolen property (firearm). The trial court denied O'Bryan's motion for probation and ordered him to serve the one-year prison sentence.[6] When the Commonwealth requested an order of restitution, the trial court stated that it did not have the authority to order restitution when imprisonment was imposed. However, in the final judgment and sentence of imprisonment entered on October 11, 2001, the trial court ordered O'Bryan to pay restitution of $667.70. Subsequently, on October 22, 2001, the trial court *sua sponte* entered an amended order modifying the final judgment to state that O'Bryan was not ordered to pay restitution. This appeal followed.

■ The Commonwealth contends the circuit court erred by amending the final judgment which had required O'Bryan to pay restitution. It relies primarily on KRS 532.032, which states:

(1) Restitution to a named victim, if there is a named victim, shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and 533.030 in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.

(2) If pretrial diversion is granted, restitution shall be a part of the diversion agreement.

---

1. Kentucky Revised Statutes (KRS) 514.100.

2. KRS 514.110.

3. KRS 514.030.

4. KRS 530.065.

5. The unlawful transaction with a minor in the second degree charge was dismissed and the four felony theft charges were amended to the four misdemeanor charges.

6. Pursuant to KRS 532.060, 532.090 and 532.110(a), a misdemeanor sentence shall run concurrently with a felony sentence.

(3) If probation, shock probation, conditional discharge, or other alternative sentence is granted, restitution shall be a condition of the sentence.

(4) If a person is sentenced to incarceration and paroled, restitution shall be made a condition of parole.[7]

The Commonwealth also relies on KRS 532.033(3) and KRS 439.563(1) to support its claim that when there is a named victim the trial court must order restitution even if it orders imprisonment. KRS 532.033(3) states that "[w]hen a judge orders restitution, the judge shall ... [s]et the amount of restitution to be paid[.]" KRS 439.563(1) states that "[w]hen there is an identified victim of a defendant's crime to whom restitution has been ordered but not yet paid in full, ... the Parole Board shall order the defendant to pay restitution as a condition of parole."

During the sentencing hearing, the trial court stated that the statutes did not authorize it to order a defendant to pay restitution in addition to ordering incarceration. The trial court was of the understanding that when a defendant was sentenced to imprisonment, only the Parole Board had the authority to order payment of restitution upon granting parole.

In support of the trial court's interpretation of the statutory scheme, O'Bryan claims that KRS 532.032(1) does not specifically authorize court-ordered restitution in addition to imprisonment and that the reference in KRS 532.033 to the payment of restitution only applies to defendants who have been sentenced to probation. O'Bryan further asserts that KRS

439.563(1), which is in the chapter of statutes dealing with probation and parole, should be read to apply only to defendants who have been imprisoned following the revocation of their sentence of probation which included payment of restitution as a condition of probation.

 "In cases involving statutory interpretations, the duty of the court is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment or to discover meanings not reasonably ascertainable from the language used" [citation omitted].[8]

The courts should reject a construction that is "unreasonable and absurd, in preference for one that is 'reasonable, rational, sensible and intelligent' ".... Under the doctrine of *in pari materia*, statutes having a common purpose or subject matter must be construed together [citations omitted].[9]

 In *Commonwealth v. Bailey*,[10] our Supreme Court held that under KRS 431.200 the trial court could order a defendant who was ineligible for probation to pay restitution to the victim since "[i]t would be an anomaly to permit restitution to a victim as a part of the probation process of a first offender, which is recognized as available, and then to deny such restitution when the criminal, because of his own conduct, is ineligible for probation." Likewise, we conclude that to hold under KRS 532.032 that a defendant who is sentenced to prison is not required to pay restitution until, and only if, he is paroled would be unreasonable and it

---

7. Subsection (5) was added to KRS 532.032 effective August 1, 2002. This new subsection, which provides for a court-authorized payee, is not relevant to our discussion.

8. *Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541, 546 (2000).

9. *Commonwealth v. Kash*, Ky.App., 967 S.W.2d 37, 44 (1997).

10. Ky., 721 S.W.2d 706, 707 (1986).

would not give effect to the legislative intent of requiring a defendant to pay restitution to the crime victim.

From our reading of KRS 439.563, KRS 532.033, KRS 533.020 and KRS 533.030, which are specifically referenced in KRS 532.032(1), we discern no conflict which would preclude restitution from being ordered by the trial court when a defendant is also ordered to serve a term of imprisonment.[11] While O'Bryan relies on the lack of specific language in KRS 532.032(1) authorizing court-ordered restitution in addition to imprisonment, we opine that it is not only logical but it is consistent with the statutory scheme to read KRS 532.032(1) as requiring both payment of restitution and imprisonment. KRS 532.032(2), (3) and (4) cover all of the possible sentencing scenarios other than a defendant being required to serve the prison sentence. Thus, KRS 532.032(1) can reasonably be interpreted to apply to the defendant who must serve the prison sentence. Consequently, we hold that the language of KRS 532.032(1) which states that "[r]estitution ... shall be ordered ... in addition to any other part of the penalty ..." requires the trial court to order payment of restitution to the named victim even if imprisonment is also ordered.

For the foregoing reasons, the order of the Fayette Circuit Court amending the final judgment and sentence is reversed and the final judgment and sentence of imprisonment is reinstated.

ALL CONCUR.

---

**11.** We note that KRS 532.032, KRS 532.033, and KRS 439.563 were enacted at the same time as part of the Omnibus Crime Bill and expanded the application of restitution. *See* 1998 Ky. Acts, ch. 606, §§ 45, 46, and 47, respectively.