**James Carter FIELDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–CA–001565–MR.

Court of Appeals of Kentucky.

Nov. 14, 2003.

As Modified Nov. 26, 2003.

Lisa Clare, Assistant Public Advocate, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, J. Gary Bale, Assistant Attorney General, Frankfort, KY, for appellee.

Before EMBERTON, Chief Judge; JOHNSON and KNOPF, Judges.

## OPINION

KNOPF, Judge.

After store hours one day in July 2001, James Fields unlawfully entered the prem-ises of his employer, Owens Auto Parts in Corbin, and stole various items including a handgun, merchandise, and tools. A Whitley County grand jury eventually indicted him for first-degree burglary and theft. In May 2002, Fields pled guilty to the amended charges of third-degree burglary[1] and receiving stolen property,[2] in this case both class-D felonies. In accordance with the plea agreement, the Whitley Circuit Court, by amended judgment entered July 10, 2002, sentenced Fields to consecutive prison terms totaling four years. The court also ordered Fields to pay nearly $140,000.00 in restitution to Owens Auto Parts and to several Owens employees whose tools Fields allegedly took. Fields contends that the restitution is excessive and that the trial court erred by denying him a meaningful opportunity to challenge the amount of the losses Owens and its employees claimed. Because we agree with Fields that the trial court failed to justify its restitution award, we vacate that portion of Fields's sentence and remand for additional proceedings.

Prior to accepting Fields's guilty plea, the trial court summarized the agreement as follows:

> The Court: . . . [T]he Commonwealth agrees to a two year sentence on Count One and a two year sentence on Count Two to run consecutive for a four year sentence. Upon release you will make restitution to Owens Auto Parts. . . .
>
> Mr. Fields: Yes, sir.
>
> . . . .
>
> The Court: How much restitution would it be?
>
> Mr. Trimble [the Commonwealth's Attorney]: Your Honor, we are going to supply a list. I don't have it with me.
>
> The Court: Alright.

---

1. KRS 511.040.

2. KRS 514.110.

Mr. Trimble: Some tools and various items.

Apparently the Commonwealth did not supply the list of alleged losses until shortly before Fields's sentencing. Whatever list it did eventually supply was not made a part of the record. Fields maintains that the list took him by surprise. Not only was the total claim far in excess of what he had expected, but the list included Owens-employee claims, several of them for tens of thousands of dollars, which had never before been mentioned. At the sentencing hearing Fields objected to restitution in the claimed amount and requested that he be given an opportunity to cross examine the claiming employees. The court denied this request. A trial on damages, the court opined, would defeat the purpose of Fields's guilty plea. And, according to the court, it would be of little value. As the court explained, "I don't generally believe a thief over a mechanic that's working there and says my tools were taken ... and they were valued at $20,000.00." Although the court did order the Commonwealth's Attorney to have the employees verify their claims in some manner, no such verifications appear in the record. Otherwise, the court simply rebuffed Fields's attempt to challenge the alleged claims of loss.

Fields objects on several grounds to the sentencing procedure that resulted in his $140,000.00 restitution obligation. He first contends that the trial court denied him the process due under the statutes providing for criminal restitution. The older of those statutes, KRS 431.200, provides for restitution in cases of "taking, injuring, or destroying property," and states that if the person convicted of such a crime

consents to the restitution or to reparation in damages in an agreed sum, the court shall give judgment accordingly. Otherwise a jury shall be impaneled to try the facts and ascertain the amount and the value of the property, or assess the damage, as the case may be.

Fields contends that under this statute he was entitled to have a jury hear the claims against him for restitution.

The Commonwealth insists, however, that in seeking restitution it was not proceeding under KRS 431.200, which provides a restitution proceeding apart from sentencing, but rather under the more recent KRS 532.032. That statute, first enacted in 1998, provides that

[r]estitution to a named victim, if there is a named victim, shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and 533.030 in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.

The mandate of this statute applies regardless of whether the convicted defendant is to be incarcerated or conditionally released.[3] We agree with the Commonwealth that under this statute restitution must now be considered during sentencing in all appropriate cases, and therefore that the General Assembly contemplated ordinary sentencing procedures as the foundation for restitutionary sentences, not the jury procedure referred to in KRS 431.200. In the cases where KRS 431.200 applies, that statute continues to provide an alternative procedure for a post-sentencing restitution order, but KRS 532.032 (and the statutes incorporated therein) is now the generally applicable criminal restitution statute.

3. *Commonwealth v. O'Bryan,* Ky.App., 97 S.W.3d 454 (2003).

Even if KRS 431.200 does not apply, however, Fields insists that he was entitled to a less summary sentencing procedure than the trial court provided. We agree.

■■■ The process due at sentencing is less, of course, than that due at the culpability trial, notwithstanding the sentencing court's need for and use of additional information and the significance of its decisions.[4] The due-process clauses of the federal constitution require that sentences not be imposed on the basis of material misinformation,[5] and that facts relied on by the sentencing court "have some minimal indicium of reliability beyond mere allegation." [6] Specific procedures, however, such as discovery, cross-examination of adverse witnesses, and fact-finding by a jury, as are required at trial, "are simply not constitutionally mandated." [7]

■ In addition to this constitutional guarantee that sentencing decisions will be based on facts with some minimal assurance of reliability, KRS 532.050 and RCr 11.02 provide that the court should ordinarily not impose sentence before having considered a presentence investigation report (psi) by a probation officer. As our Supreme Court has recently noted, both the statute and the rule require that the defendant be given notice of the report's factual contents and be "afforded a meaningful opportunity to controvert the evidence against him at his sentencing hearing." [8] What constitutes a "meaningful opportunity to controvert," the Court held,

will vary with the circumstances, and the provision of such an opportunity is entrusted to the trial court's discretion.[9]

Sister courts that have considered the issue with respect to restitution have held that the opportunity to controvert is generally sufficient if the psi gives notice of factual allegations establishing the property claimed to have been lost or damaged, if it gives notice of the method employed to value the property, and if the defendant is ·permitted to challenge those allegations in a meaningful way, usually by being permitted to introduce countervailing evidence.[10]

Although the trial court's refusal to permit Fields to cross-examine the restitution claimants was probably not an abuse of discretion under the standards we have outlined, its failure to give Fields adequate notice of the claims against him and any opportunity to controvert them plainly was an abuse of discretion. The record reflects no factual basis but mere allegations for the amount of restitution Fields has been ordered to pay. Aside from the handgun, no item allegedly stolen has been specified, and there is no indication of how any item was valued. The restitution order thus fails to satisfy even the Constitution's minimal reliability standard. Nor was Fields accorded his statutory right to a meaningful sentencing hearing. He was not notified of any factual allegations underlying the claim for restitution and thus could not possibly have prepared to controvert those allegations. The court's de-

4. *Commonwealth v. Jeffries*, Ky., 95 S.W.3d 60 (2002) (Justice Johnstone, dissenting); *United States v. Silverman*, 976 F.2d 1502 (6th Cir. 1992).

5. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

6. *United States v. Silverman*, 976 F.2d at 1504.

7. *Id.* at 1508.

8. *Commonwealth v. Jeffries*, Ky., 95 S.W.3d at 62 (quoting KRS 532.050).

9. *Id.*

10. *Sloan v. United States*, 527 A.2d 1277 (D.C.App.1987); *Fox v. State*, 176 W.Va. 677, 347 S.E.2d 197 (1986); *State v. Lack*, 98 N.M. 500, 650 P.2d 22 (App.1982).

clared unwillingness to consider Fields's testimony, furthermore, would seem to dictate that Fields be given an opportunity to develop alternative evidence, for otherwise the hearing's conclusion would be foregone and the hearing itself would be meaningless.

█ The Court's desire not to complicate a guilty plea at sentencing is unpersuasive. Simply put, even where there is a guilty plea, the record must establish an adequate factual predicate for a restitution order. The plea itself and the plea agreement might satisfy that requirement (as might the culpability trial), but in this case the Commonwealth was not prepared to make such a record during the plea process. That left the sentencing hearing, which, it would seem, will often be the occasion for making the record as that is the point at which the psi is addressed.

In sum, whatever type of hearing will give rise in the circumstances to a record that satisfies the "minimal indicium of reliability" standard and will afford the defendant a meaningful opportunity to be heard is the type of hearing required. With respect to his restitution obligation, Fields's sentencing hearing satisfied neither of these requirements. The record establishes no factual predicate for the restitution order whatsoever, and Fields was silenced, not heard.

Accordingly, we vacate that portion of the Whitley Circuit Court's July 10, 2002, judgment ordering Fields to pay restitution and remand the matter for additional proceedings consistent with this opinion. On remand, as the Commonwealth has noted, the parties may wish to address whether the Owens employees are "named victims" entitled to restitution under KRS 532.032. The parties may also wish to address what it means for a restitution order under KRS 532.032 to be "consistent" with KRS 533.030(3), which apparently establishes a maximum amount for criminal restitution orders, at least in some circumstances. We express no opinion on those questions, which have yet to be addressed to the trial court.

ALL CONCUR.