John Patrick DONOVAN, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2011–CA–000538–MR.

Court of Appeals of Kentucky.

Aug. 24, 2012.

---

**3.** The opinion does not recite the factual basis for either the appellant's or the appellee's version of the events.

J. Brandon Pigg, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Tami Allen Stetler, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, COMBS, and NICKELL, Judges.

## OPINION

CAPERTON, Judge:

John Patrick Donovan appeals as a matter of right the trial court's order of restitution in the amount of $2088.15. On appeal, Donovan argues that his due process rights were violated by the trial court's order. After a thorough review of the parties' arguments, the record, and the applicable law, we agree with Donovan and, accordingly, reverse and remand this matter for further proceedings.

The facts of this appeal are not in dispute. On November 24, 2009, Donovan was indicted on charges of receiving stolen property over $500 but under $10,000, and of being a persistent felony offender ("PFO") in the first degree. The charges resulted from the theft of a semi-truck in Indiana from Ron Brunkel, which Donovan then sold to Dale's Diesel in Adair County, Kentucky, for $1,000.

On December 21, 2010, Donovan appeared before the court and filed a motion to enter a guilty plea; the Commonwealth filed its offer on plea of guilty. Per the agreement, Donovan agreed to enter a guilty plea to the charge of receiving stolen property, with the Commonwealth agreeing to dismiss the charge of PFO in the first degree. The agreement also set forth that Donovan would be responsible for restitution in an amount not to exceed $13,000. Finding the plea voluntary and knowing, the court accepted the plea of

guilty. Thereafter, the final sentencing hearing was held on January 25, 2011.

At the final sentencing hearing, the parties discussed restitution with the court. Donovan agreed that restitution of $1,000 to Dale's Diesel was proper but disagreed with the amount the Commonwealth was seeking from Brunkel for the costs of transporting and the cost to repair damage to the stolen vehicle. The trial court denied Donovan's request for a hearing on the amount of restitution, and instead, informed Donovan that restitution would be set by the court, not to exceed $13,000 as per the plea agreement, but that the parties could submit documentation regarding the specific amount of restitution to the court and it would decide restitution. The Commonwealth was permitted fourteen days to submit its documentation and then Donovan was allowed fourteen days to respond.

The Commonwealth provided documentation to the court and Donovan regarding the amount of restitution sought on February 7, 2011. Said documentation included a letter from the Kentucky State Police (KSP) requesting reimbursement for recovery of the stolen vehicle paid to a towing company and a receipt from a transportation company to bring the vehicle from the KSP post to Indiana, both totaling $1,088.15. The next day, on February 8, 2011, the court signed the restitution order setting restitution in the total amount of $2,088.15.[1] This order was entered on February 11, 2011, well before the expiration of the time period allotted to Donovan to submit documentation to the court. Donovan did not provide the court with any documentation. The final

judgment and sentence was entered on February 25, 2011. Donovan now appeals solely on the restitution order of February 11, 2011.

On appeal, Donovan presents one argument: namely, that the trial court erred to his substantial prejudice when it ordered restitution in the amount of $2,088.15 in violation of his due process rights. In support thereof, Donovan contends that he was not given specific notice that restitution in the amount of $2,088.15 was being sought prior to his final sentencing and that he was not given a meaningful opportunity to controvert and challenge the evidence against him regarding the restitution amount. The Commonwealth argues that the court did not err in its order of restitution.

◼ Having carefully reviewed the record, we must agree with Donovan that the trial court erred in entering the restitution order prior to the expiration of the time period set by the court for Donovan to controvert the Commonwealth's evidence, thereby resulting in a due process violation for the reasons set forth *infra*.[2] Because this appeal addresses only the issue of restitution, we focus our review on the discretion afforded the trial court in ordering restitution.

◼ Under Kentucky Revised Statutes (KRS) 532.350(1) the definition of "restitution" includes "compensation paid by a convicted person to a victim for ... property damage and other expenses suffered by a victim because of a criminal act." In *Commonwealth v. Bailey*, 721 S.W.2d 706, 707 (Ky.1986), the court explained that the purpose of restitution is not an "additional punishment exacted by the criminal justice

---

1. This amount was allotted to the two victims—$1,000 to Dale's Diesel and $1,088.15 to Brunkel.

2. We do not mean to say that a trial court could never enter an order earlier than what the court had set out in its schedule; such example would be where both parties had complied earlier than scheduled.

system. . . . It is merely a system designed to restore property or the value thereof to the victim." If restitution is appropriate in a case, the trial judge is required to set the amount of restitution to be paid. KRS 532.033(3). Further, the judge ordering restitution is required to monitor payment to assure that restitution is, in fact, paid. KRS 532.033(5). Because the "trial court has the statutory authority to establish restitution[, it] is in the best position to make the appropriate and well-informed decision in a fair and impartial manner." *Hearn v. Commonwealth,* 80 S.W.3d 432, 436 (Ky.2002). Thus, KRS Chapter 532 places the issue of restitution solely within the discretion of the trial court.

 The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citations omitted). Because KRS 532.033(3) charges the trial court with setting the amount of restitution, the statute contemplates that the trial court is the fact-finder in the matter. Accordingly, appellate review of the trial court's findings of fact is governed by the rule that such findings shall not be set aside unless clearly erroneous. Kentucky Rules of Civil Procedure (CR) 59.01. A factual finding is not clearly erroneous if it is supported by substantial evidence. *Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998). Substantial evidence is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Id.*

Recently, our Kentucky Supreme Court addressed the due process issue in *Wiley*

*v. Commonwealth,* 348 S.W.3d 570, 575 (Ky.2010):

When ordering restitution, a trial court must base an award on reliable facts. *United States v. Silverman,* 976 F.2d 1502, 1504 (6th Cir.1992). Our Court of Appeals considered a situation similar to the present case, wherein the defendant contested the amount of restitution, yet the trial court denied him a chance to controvert the Commonwealth's evidence. *Fields v. Commonwealth,* 123 S.W.3d 914, 915–16 (Ky.App. 2003). The court held that the trial court had deprived the defendant of an opportunity to be heard and adopted the due process standard articulated by the Sixth Circuit in *Silverman:* although a lower standard of due process applies at sentencing, the facts relied on by the court must "have some minimal indicium of reliability beyond mere allegation." *Id.* at 917 (citing *Silverman,* 976 F.2d at 1504). The *Fields* court thus determined that in order to satisfy this standard, the defendant must have some meaningful opportunity to be heard and the record must establish a factual predicate for the restitution order. *Fields,* 123 S.W.3d at 918.

*Wiley* at 575.

In light of *Wiley* and *Fields,* we hold that the trial court's entry of the restitution order prior to the expiration of the time limitations set by the court,[3] without Donovan's entering evidence into the record, denied Donovan a meaningful opportunity to be heard and, thus, violated his due process rights. The trial court having so erred, we now must reverse and remand this matter for further proceedings.

---

3. We duly note that the amount of restitution was substantially less than the limit established at the time of the plea. We further

note that the trial court did not modify its order setting the times for counsel to submit evidence to the court.

In light of the aforementioned, we reverse the order of restitution and remand this matter for further proceedings.

ALL CONCUR.