THOMPSON, JUDGE:
Shannquan Mitchell and April Shunnarah appeal from separate judgments of sentence and conviction incorporating orders of restitution entered after they pled guilty to facilitation of burglary, second degree, and facilitation of receiving stolen property over $500, both Class A misdemeanors, for a recommended sentence of twelve months on both charges. Because their appeals arise from the same facts and they present identical issues, this Court consolidated their appeals.
Mitchell and Shunnarah present the following issues: (1) whether there was substantial evidence of the value of the items stolen; (2) whether their due process rights were violated because the restitution order required payment of restitution for items that were not claimed by the victim to be stolen prior to the restitution hearing; (3) whether the trial court erroneously added sales tax to the restitution amount; (4) whether the trial court erred when it ordered them to pay twelve percent post-judgment interest; and (5) whether the trial court erred when it imposed a $500 fine on each of them after they were found to be indigent. Although we conclude Mitchell and Shunnarah were afforded due process, we agree with their remaining contentions.
On May 28, 2014, Mitchell and Shunnarah, along with Kenneth Aldridge, burglarized the home of Theresa Abney. As part of their agreements to enter guilty pleas, Mitchell and Shunnarah agreed to "pay any and all restitution owed" to Abney. The amount of restitution was to be set at a later hearing.
*328 Prior to the restitution hearing, the Commonwealth tendered an incident/investigative report which was admitted as an exhibit at the restitution hearing. The items identified in that report for which restitution was sought were televisions and ten items of jewelry with a total value of $3,021.
After the Commonwealth informed the court that Aldridge agreed the amount of restitution owed was $3,021 and to be jointly and severally liable, the hearing proceeded. The sole witness was Abney.
Abney testified that stolen televisions were recovered but one was damaged. The estimated repair value for the damaged television was $650 and the replacement value was $400. Abney testified that she obtained the value of the missing jewelry listed from researching their value on Amazon.com and that she determined the value by using the median prices for the items. The $250 difference between the repair cost and the replacement value of the damaged television was deducted from the restitution sought for a total of $2,771.
The Commonwealth then asked Abney if there were "other items that you have since recalled that you didn't actually include in that original list that you lost in the burglary?" Mitchell's counsel objected to questions concerning items not included on the list of items tendered by the Commonwealth on the basis that no notice was given that those items would be claimed. The trial court ruled that she could testify as to additional missing items and their value. Abney again based the value of the missing items on the medium prices available on Amazon and, when added to the prior amount, the total restitution sought was $3,686.
After direct and cross-examination of Abney was complete, Mitchell's counsel indicated he may need time to investigate regarding the items not on the list. The trial court ruled that additional time would be afforded but that Abney would be permitted to add any additional items found missing from the home. Fearing that Abney would add items and increase the amount of restitution, counsel declined the trial court's offer of additional time to investigate.
Following arguments by counsel, the trial court ordered Mitchell and Shunnarah to pay $3,686 in restitution plus $229 in sales tax. Additionally, the trial court assessed twelve percent interest on the total amount of restitution owed. The restitution order was incorporated into the final judgments of sentences and convictions in which Mitchell and Shunnarah were each ordered to pay a $500 fine.
Mitchell and Shunnarah do not challenge the enforceability of their plea agreements or that they owe restitution. They challenge the amount of restitution.
Restitution is defined as "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act[.]" Kentucky Revised Statutes (KRS) 532.350(1)(a). When the amount of restitution has not been agreed upon by the Commonwealth and the defendant, the trial court is required to conduct an adversarial hearing that satisfies due process. Jones v. Commonwealth , 382 S.W.3d 22 (Ky. 2011). In Jones , the Court set forth the protection that must be afforded to a defendant:
• reasonable notice to the defendant in advance of the sentencing hearing of the amount of restitution claimed and of the nature of the expenses for which restitution is claimed; and
• a hearing before a disinterested and impartial judge that includes a reasonable *329 opportunity for the defendant, with assistance of counsel, to examine the evidence or other information presented in support of an order of restitution; and
• a reasonable opportunity for the defendant with assistance of counsel to present evidence or other information to rebut the claim of restitution and the amount thereof; and
• the burden shall be upon the Commonwealth to establish the validity of the claim for restitution and the amount of restitution by a preponderance of the evidence, and findings with regard to the imposition of restitution must be supported by substantial evidence.
Id. at 32.
Because KRS 532.033(3) places the duty on the trial court to set the amount of restitution, the trial court is the fact-finder in the matter. Donovan v. Commonwealth. , 376 S.W.3d 628, 631 (Ky. App. 2012). As the Court noted in Donovan :
[A]ppellate review of the trial court's findings of fact is governed by the rule that such findings shall not be set aside unless clearly erroneous. A factual finding is not clearly erroneous if it is supported by substantial evidence. Substantial evidence is evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person.
Id. (citations omitted).
Mitchell and Shunnarah argue that Abney's testimony as to the value of the items based on her internet research was insufficient to constitute substantial evidence of the value of the stolen items. They argue the Commonwealth was required to prove their value with photographs, insurance records, receipts or other documented proof of the value and quality of the missing jewelry. We disagree.
Even in the guilt phase, the Supreme Court has ruled that "the testimony of the owner of stolen property is competent evidence as to the value of the property." Commonwealth v. Reed , 57 S.W.3d 269, 270 (Ky. 2001). The same is true in restitution hearings where the standard is preponderance of the evidence, not the reasonable doubt standard. Jones , 382 S.W.3d at 32. While it may have been preferable for the Commonwealth to produce documentation, it was not required. Under nearly identical facts, we held in Taylor v. Commonwealth , 2013-CA-000421-MR, 2014 WL 3548056 (Ky. App. 2014) (unpublished),[1] that not only was such evidence unnecessary, it was impractical. Although unpublished, we quote this Court's prior reasoning because it is equally applicable here.
If [Mitchell's and Shunnarah's argument] was taken to its logical conclusion, restitution could never be imposed for an item of jewelry that had not been photographed, appraised, measured, weighed and insured. Although [they have] pointed to some weaknesses in the Commonwealth's evidence, [Abney] had sufficient reliable information, based on her memory and the photographs, to find comparable items on the Internet. We are required to give "due regard ... to the opportunity of the trial court to judge the credibility of the witnesses." [CR] 52.01 ; as a sign of her reliability, [Abney] did not choose the highest-priced Internet comparables in assigning values to her jewelry.
*330 Id. at 2. Abney's testimony was of "sufficient probative value to induce conviction in the mind of a reasonable person." Donovan , 376 S.W.3d at 631.
Mitchell and Shunnarah argue they were denied due process because they were not given notice of the additional items for which restitution was sought. They point out that one of the due process requirements specified in Jones is that there must be reasonable notice of the amount of restitution sought.
Mitchell and Shunnarah and the Commonwealth negotiated plea agreements that contained all the requirements of a valid and enforceable contract. Commonwealth v. Morseman , 379 S.W.3d 144, 149 (Ky. 2012). The agreements specifically provided that each agreed to "pay any and all restitution owed to the victim in this case[.]" Under the terms of the agreements, it could be reasonably expected and reasonably understood, that Mitchell and Shunnarah would be required to pay the total value of all property damaged or stolen. Id. at 150. However, the issue presented by Mitchell and Shunnarah is whether they were given adequate notice of the additional items by the Commonwealth.
Even if there is merit to Mitchell's and Shunnarah's argument, any deficiency in the notice provided was cured when the trial court offered additional time to investigate the value of those items before making its decision. While if given additional time, Abney may or may not have added items to those stolen, Mitchell and Shunnarah were offered time to investigate and prepare a defense to the additional items. They cannot now complain of a lack of notice.
Three issues remain, which Mitchell and Shunnarah admit were not preserved. On the issues of the sales tax included in the value of the stolen items and the post-judgment interest imposed, they request review under Kentucky Rules of Criminal Procedure (RCr) 10.26. If we assume neither of these alleged errors were sentencing errors as Mitchell and Shunnarah do, applying the stringent palpable error standard of RCr 10.26, we agree that the trial court erred and that those errors seriously affected the "fairness, integrity, [and] the public reputation of the proceeding[.]" Jones , 382 S.W.3d at 29 (quoting Martin v. Commonwealth , 207 S.W.3d 1, 4 (Ky. 2006) ). We first address the sales tax.[2]
In Dickerson v. Commonwealth , 2015-CA-000482-MR, 2016 WL 6134903, 4 (Ky. App. 2016) (unpublished),[3] this Court held that where there was testimony from the victim of a burglary as to the replacement value of the stolen items, including the sales tax, the trial court did not err when it included that tax in amount of restitution owed. However, in this case there was no testimony that Abney paid any sales tax when she purchased the items or the cost to replace the stolen items included sales tax. The restitution was calculated solely on the fair market value of the stolen items.
In such cases, sales tax is not a component of the value of a good or service. Russell v. State , 367 Ark. 557, 562, 242 S.W.3d 265, 268 (2006). The tax is a *331 "separate amount collected by a retailer for the benefit of a governmental taxing authority. It is a fee collected because of a transaction." State v. Kluge , 672 N.W.2d 506, 509 (Iowa App. 2003). We hold it was improper to include sales tax in the amount of restitution owed.
The trial court also awarded twelve percent post-judgment interest. On August 4, 2016, when the restitution orders were entered, Kentucky case law permitted trial courts to award post-judgment interest in restitution orders. Although KRS 533.030(3) does not mention the trial court's authority to award post-judgment interest on restitution amounts, in Hearn v. Commonwealth , 80 S.W.3d 432, 436 (Ky. 2002), the Court held it was implicit within the statutory provision:
The statute clearly authorizes restitution for the full amount of the damages. Such restitution is intended to fully compensate for the loss incurred, serves to emphasize the seriousness of the crime and to deter similar offenses in the future by not only these defendants, but other potential criminals. The imposition of interest in the restitution award serves the legislative purpose of deterrence and rehabilitation as well as making the victim whole. Including interest on the amount taken in a financial crime clearly emphasizes the seriousness of the crime and highlights the full criminal responsibility.
Effective October 1, 2016, less than two months after the trial court imposed twelve percent interest on the amount of restitution ordered and while these appeals were pending, the Kentucky Supreme Court issued RCr 11.06(1), which states: "When ordering restitution pursuant to KRS 532.032, 532.033, 533.020 and 533.030(3), the court shall not order the defendant to pay interest on the restitution." The question is whether the rule is applicable to Mitchell's and Shunnarah's restitution orders in this direct appeal.
In Hallum v. Commonwealth , 347 S.W.3d 55 (Ky. 2011), the Court considered whether the prison mailbox rule adopted in RCr 12.04(5) could be applied to the appellants' cases that were pending on appeal when the rule took effect. The Court noted that in Leonard v. Commonwealth , 279 S.W.3d 151 (Ky. 2009), it "created a standard of retroactivity applicable to new rules 'not of constitutional dimension.' " Hallum , 347 S.W.3d at 57 (quoting Leonard , 279 S.W.3d at 160 ). In Hallum , the Court held that when applying the retroactivity framework set forth in Leonard , the "temporary aspect of the retroactivity determination" is whether a final judgment was entered prior to the effective date of the new rule. Id.
Mitchell's and Shunnarah's restitution orders were pending on appeal when RCr 11.06 went into effect. Therefore, it is reasonable to apply the rule on appeal and hold that post-judgment interest is improper.
The final issue presented is whether the trial court erred when it imposed a $500 fine on Mitchell and Shunnarah because they had been determined to be indigent under KRS Chapter 31. KRS 534.040(4) provides that "[f]ines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31." They argue preservation is unnecessary because the issue results from a sentencing decision contrary to statute and may be raised for the first time on appeal.
In Travis v. Commonwealth , 327 S.W.3d 456, 459 (Ky. 2010), the Court held that the imposition of a fine on an indigent was a sentencing error that may be raised for the first time on appeal. However, the Court later clarified its holding in *332 Trigg v. Commonwealth , 460 S.W.3d 322 (Ky. 2015). The Court explained that "[u]nless the imposition of a fine upon an indigent or 'needy' person is apparent on the face of the judgment or is in obvious conflict with facts established in the record (such as plainly having been found indigent at all stages of the trial proceedings), we do not regard it as a sentencing error[.]" Id. at 333.
Mitchell and Shunnarah completed affidavits of indigency and were represented by the Department of Public Advocacy throughout the entire trial court proceedings. Moreover, the trial court granted their motions to proceed in forma pauperis on appeal. The fact that Mitchell and Shunnarah were indigent was obvious based on facts in the record. Therefore, the imposition of fines was a sentencing error and we are compelled to vacate and remand that portion of the judgments and sentences of convictions.
Accordingly, we affirm those portions of the Jefferson Circuit Court's judgments and sentences ordering Mitchell and Shunnarah jointly and severally liable for $3,686 in restitution. We vacate those judgments to the extent that sales tax was added to that amount and to the extent the judgments imposed post-judgment interest on the restitution amount. We further vacate those judgments to the extent $500 fines were imposed on Mitchell and Shunnarah.
ALL CONCUR.

Pursuant to Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), unpublished cases rendered after January 1, 2013, may be cited for consideration if there is no published opinion which addresses the issue.

If the trial court added six percent sales tax, the amount should have been $221.16 instead of $229 added as sales tax. However, because we are reversing this portion of the restitution order the error is irrelevant.

Unpublished cases are not binding precedent. We do not cite this case for authority, but do so only to point out the distinction between a case where there is testimony that sales tax is included in the replacement value and this case where such testimony does not exist.