RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1135-MR

GASPAR GEORGE ASBURY                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 18-CR-01443

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Gaspar George Asbury appeals his conviction for first-degree criminal mischief and the sentence, which included restitution in the amount of $4,350.  We affirm.

## FACTS

Gaspar Asbury had been separated from his wife, Sagrario, for over eleven years when he asked to stay with his wife and her boyfriend in the

apartment the two shared with Asbury and Sagrario's daughter and infant granddaughter. Sagrario believed that Asbury was homeless, so she allowed him to stay, and he remained for longer than the anticipated few days.

About a month after he came to stay, his daughter came home with her boyfriend and Asbury was at the apartment. While he was calm when they first arrived, he soon became agitated and began destroying items in the apartment, damaging the apartment while doing so. His daughter and her boyfriend retreated to a room upstairs and called the police.

When the police arrived, they found Asbury lying in a walk-in closet which he used as his bedroom. He resisted arrest and kicked an officer while being carried to a vehicle for transport to the jail. A responding officer later testified that he appeared to be heavily intoxicated.

In the aftermath, the apartment was left a mess. Potted plants had been dumped on the floor, food was scattered throughout the apartment, the refrigerator was tipped over, and the microwave had been thrown through a window.

Asbury was charged with first-degree criminal mischief for the damage to the apartment and its contents, third-degree assault for kicking the police officer, second-degree disorderly conduct, and being a persistent felony offender in the first degree. At the trial, Sagrario, her boyfriend Anthony, and the

landlord Todd Tighe testified about the damages to belongings and the dwelling caused by Asbury.

The jury found Asbury guilty on all counts, and he was sentenced to one year of imprisonment for the criminal mischief charge, a Class D felony, which was enhanced to a ten-year sentence because he was found to be a persistent felony offender. Kentucky Revised Statutes (KRS) 532.080(6)(b).

Asbury alleges that the trial court erred in not directing a verdict of acquittal on the criminal mischief count, in entering a restitution order without due process, and in not enforcing a discovery order and allowing the Commonwealth to rely upon evidence which was not turned over to the defense in a timely manner. Having reviewed the briefs of the parties and the orders of the trial court, we affirm.

## I.     Directed Verdict

The standard of review on denial of a motion for directed verdict was stated clearly by the Kentucky Supreme Court in *Commonwealth v. Benham*:

> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

816 S.W.2d 186, 187 (Ky. 1991) (citation omitted).

Asbury complains that the Commonwealth did not offer sufficient proof that the damages he caused to the belongings and dwelling met the $1,000

felony threshold.[1]  The Commonwealth presented testimony from Sagrario and her

boyfriend, Anthony, who both testified to damages to their personal property,

which Anthony estimated to be between $200 and $300.  As to the damages to the

apartment, the Commonwealth presented the testimony of Todd Tighe.  Mr. Tighe

was a principal in the LLC which owned the apartment building and operated a

separate entity that performed maintenance on the properties owned by the LLC

and provided the estimate of repairs.  The estimate amounted to over $3,000.

Asbury complains that Tighe's testimony was self-serving, as he

owned the company which would make the repairs and thus had every reason to

inflate the costs.  Such, however, is no reason to enter a directed verdict, but is

rather an argument to be made to the trier of fact, the jury.  It is the jury's function

to evaluate the credibility and interests of witnesses who provide testimony and it

is not appropriate for the trial court to usurp that role by entering a directed verdict,

---

[1] (1) A person is guilty of criminal mischief in the first degree when, having no right to do so or any reasonable ground to believe that he or she has such right, he or she intentionally or wantonly:

> (a) Defaces, destroys, or damages any property causing pecuniary loss of $1,000 or more; or

> (b) Tampers with the operations of a key infrastructure asset, as defined in KRS 511.100, in a manner that renders the operations harmful or dangerous.

(2) Criminal mischief in the first degree is a Class D felony.

KRS 512.020.  If one is alleged to have caused damage more than $500, but less than $1,000, the appropriate charge is criminal mischief in the second degree, a Class A misdemeanor.

nor is it the role of the appellate court to do so in determining whether a directed verdict should have been entered. *See Hatfield v. Commonwealth*, 250 S.W.3d 590, 596 (Ky. 2008). The Commonwealth offered sufficient proof of the costs of the repair of the damages the jury determined Asbury caused the dwelling and personalty, and the trial court properly left it to the jury to determine the credibility of that proof.

## II. Restitution Order

Asbury did not object to the entry of a restitution order against him in the amount of $4,350. Thus, Asbury must meet the heightened burden of proving palpable error to prevail on appeal. He has not met that burden.

> In *Ladriere v. Commonwealth*, we held that under that standard, "reversal is warranted 'if a manifest injustice has resulted from the error,' which requires a showing of the 'probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law.'" 329 S.W.3d 278, 281 (Ky. 2010) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006)). Manifest injustice is found if the error seriously affected the "fairness, integrity, or public reputation of the proceeding." *Martin*, 207 S.W.3d at 4.

*Jones v. Commonwealth*, 382 S.W.3d 22, 29 (Ky. 2011)

Asbury argues that there was no hearing on the amount of restitution ordered. But there is no requirement that there be a separate hearing on restitution when the amount ordered was, as here, proven beyond a reasonable doubt at trial. *Taylor v. Commonwealth*, 588 S.W.3d 463 (Ky. App. 2019).

-5-

Anthony testified that $200-300 of damage was caused to his personal property and Sagrario testified that she and Anthony paid $150 for a used refrigerator to replace the one Asbury damaged. The trial court ordered Asbury to pay Anthony $450 in restitution. Todd Tighe testified that the total repair costs for damages to the apartment were $3,650 and the used refrigerator Sagrario obtained was replaced with another for $250, for a total restitution amount to the landlord of $3,900. Thus, the restitution order of $4,350 was supported by a preponderance of the evidence. *See Mitchell v. Commonwealth*, 538 S.W.3d 326, 329 (Ky. App. 2017). Again, Asbury wholly failed to object in any way. We find he was accorded due process and can discern no manifest injustice occurred necessitating reversal of the restitution order.

### III. Discovery Violation

Asbury alleges that the Commonwealth tendered discovery, an estimation of the costs of repairs, in an untimely fashion and alleges that the trial court erred in allowing the Commonwealth to introduce the evidence at trial. A trial court's evidentiary rulings are reviewed for an abuse of discretion. *Brown v. Commonwealth*, 416 S.W.3d 302, 308 (Ky. 2013).

Tighe provided the prosecution with a written invoice of the repairs necessary to the unit for which the Commonwealth alleged Asbury was responsible. He testified at the trial consistent with the invoice.

-6-

The Commonwealth responds that the prosecution timely uploaded the invoice in the trial court's online discovery program before midnight on the last day for timeliness, but said program did not "update" until after midnight, making the evidence unavailable to defense counsel until after midnight. Whether such is a timely tender is not necessary for us to determine, however, as Asbury failed to show how his defense was prejudiced by the timing of the tender.

In order to necessitate reversal for untimely discovery, a showing must be made that prejudice ensued from an untimely tender, by some showing of actual prejudice or a proffer of rebuttal evidence which would have been obtained had its necessity been known. We have no such showing here, nor even suggestion of such prejudice. Further, the failure to even request a continuance of the trial to prepare a defense because of the new discovery provides support for the trial court's determination that the defense was not prejudiced by receiving the invoice at the time it was received.

Asbury also argues that the invoice was even "more untimely" and that Tighe's testimony was improperly admitted because Tighe was an expert witness. Asbury therefore argues the Commonwealth should have turned over his identity as an expert and the invoice as his "report" pursuant to Kentucky Rules of Criminal Procedure (RCr) 7.24(1)(c) and the trial court's standard discovery order, both of which required the Commonwealth to provide the identity and report of

any expert witness no less than thirty days before trial. Again, Asbury lodged no such objection to Tighe's testimony at trial. We are unpersuaded and find that the amount of damages to a property owned by Tighe and repaired by a separate entity he owns does not require expert testimony, but rather requires his personal knowledge and he testified as a lay witness.

Because the defense did not request a continuance, which would have evinced a need for additional time to prepare to meet the evidence, or state in what way the defense case was prejudiced by the "late" tender of the invoice, we cannot find that the trial court committed palpable error in allowing the evidence.

## **CONCLUSION**

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky