RENDERED: APRIL 15, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1132-MR

DEVIN THOMPSON             APPELLANT

           APPEAL FROM HARDIN CIRCUIT COURT
v.         HONORABLE KELLY MARK EASTON, JUDGE
           ACTION NO. 20-CR-00225

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE: This appeal arises out of the Hardin Circuit Court's

order directing Devin Thompson to pay restitution jointly and severally with two

other defendants following his guilty plea. Thompson requests us to reverse the

trial court's order because he claims that the trial court abused its discretion and

deprived him of due process when it ordered him to jointly and severally pay the total amount of restitution. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, James Reed and Trista Crooks stole $47,000.00 from Reed's stepmother. In January 2020, police arrested the pair for the theft. After her arrest, Crooks told police that they had given part of the money to Thompson to hold for them.

Police contacted Thompson with this information, and he returned $19,300.00. Several weeks later, officers learned that Thompson had not turned over all the money he had received from Reed and Crooks. They contacted Thompson again, and he admitted that he had kept some of the money and spent part of it on a car.

Thompson returned a further $641.00 and turned over the car he had purchased with the stolen money. Because Thompson had not returned all the money at the first opportunity, the Commonwealth charged him with one count of receiving stolen property over $10,000.00. Thompson pleaded guilty to an amended charge of receiving stolen property under $10,000.00 on June 4, 2020.

The Commonwealth's offer form stated that it recommended a sentence for Thompson, Reed, and Crooks of five years, probated for five years. The offer form also stated that Thompson agreed to pay restitution in an amount to

be determined, that proceeds from the confiscated vehicle would be applied toward the restitution amount owed, and that Thompson agreed restitution would be paid to the victim jointly and severally. Thompson's signature appeared at the bottom of the page. On July 15, 2020, the trial judge accepted the Commonwealth's recommendation and sentenced Thompson to five years, probated for five years.

The trial court held a restitution hearing on August 18, 2020. At that hearing, defense counsel argued that Thompson was not involved in the theft of the money and should be liable only for the amounts that Reed and Crooks gave Thompson to hold and not the entire amount. The prosecutor claimed that it was part of the plea agreement that the Commonwealth requested restitution to be joint and several for all three defendants for the entire amount stolen – or $47,000.00 – less the amounts already returned. At the end of the hearing, defense counsel asked for permission to file a brief on the issue of restitution.

The defense filed its brief on August 25, 2020, and the trial court issued its order on August 27, 2020. The order stated that Thompson would be held jointly and severally liable with Reed and Crooks for the remaining unpaid portion of the $47,000.00. This appeal followed.

## ANALYSIS

### a. Standard of Review

When a defendant challenges the amount of restitution he or she is ordered to pay in a criminal matter on appeal, we must determine whether the trial court abused its discretion. *Fields v. Commonwealth*, 123 S.W.3d 914, 917 (Ky. App. 2003). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). As the trial court is the fact-finder charged with determining the amount of restitution, our review of the trial court's findings of fact is "governed by the rule that such findings shall not be set aside unless clearly erroneous." *Donovan v. Commonwealth*, 376 S.W.3d 628, 631 (Ky. App. 2012) (citing Kentucky Rule of Civil Procedure (CR) 59.01). We will only deem a factual finding clearly erroneous if it is unsupported by substantial evidence. *Id*. (citing *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998)).

### b. Discussion

Kentucky Revised Statutes (KRS) 533.030(3) provides for victim restitution in criminal cases. In relevant part, the statute states:

> When imposing a sentence of probation . . . in a case where a victim of a crime has suffered monetary damage as a result of the crime due to his or her property having been converted, stolen, or unlawfully obtained, . . . the

-4-

> court *shall* order the defendant to make restitution in addition to any other penalty provided for the commission of the offense. . . . Restitution *shall* be ordered in the full amount of the damages . . . . Where there is more than one (1) defendant or more than one (1) victim, restitution *may* be apportioned.

(Emphasis added.)

As a preliminary matter, "[b]ecause restitution provisions are remedial in nature, they 'should be liberally construed in favor of their remedial purpose.'" *Commonwealth v. Morseman*, 379 S.W.3d 144, 148 (Ky. 2012) (quoting *Workforce Development Cabinet v. Gaines*, 276 S.W.3d 789, 794 (Ky. 2008)). Additionally, the Kentucky Supreme Court has discussed "the essential elements of due process that must be observed in establishing an order for restitution under KRS 532.032." *Jones v. Commonwealth*, 382 S.W.3d 22, 31 (Ky. 2011). "[T]he burden shall be upon the Commonwealth to establish the validity of the claim for restitution and the amount of restitution by a preponderance of the evidence, and findings with regard to the imposition of restitution must be supported by substantial evidence." *Id*. at 32. Additionally:

> constitutional due process requires an adversarial hearing that includes the following protections:
>
> - reasonable notice to the defendant in advance of the sentencing hearing of the amount of restitution claimed and of the nature of the expenses for which restitution is claimed; and

- a hearing before a disinterested and impartial judge that includes a reasonable opportunity for the defendant, with assistance of counsel, to examine the evidence or other information presented in support of an order of restitution; and

- a reasonable opportunity for the defendant with assistance of counsel to present evidence or other information to rebut the claim of restitution and the amount thereof[.]

*Id.*

Additionally, in *Morseman*, the Kentucky Supreme Court held that the applicable restitution statutes do not bar a plea agreement for restitution that extends to crimes beyond those that the defendant was convicted of by way of his plea agreement. 379 S.W.3d at 151. Thus, under *Morseman*, a trial court may order a criminal defendant to pay restitution to a victim of a crime for which he was not convicted if the defendant freely and voluntarily agrees to make restitution for other crimes as part of the plea agreement. *Id.* at 152 (citing and adopting Maryland's rule as codified in *Silver v. Maryland*, 420 Md. 415, 428-29, 23 A.3d 867, 874-75 (2011)).

Thus, in this case, Thompson's plea agreement could include an agreement that Thompson would pay restitution for the total amount of the stolen money, less the amounts already returned, even though he pled guilty to receiving stolen property under $10,000.00. However, Thompson claims that he did not

freely and voluntarily agree to make such restitution. Specifically, he claims that he was unaware of the final amount of restitution claimed by the Commonwealth.

As discussed in *Morseman*, plea bargains "are governed by basic contract law." 379 S.W.3d at 149 (citation omitted). Moreover, *Morseman* requires that "[the contract's] terms must necessarily be interpreted in light of the parties' reasonable expectations and understanding of what the agreement means[.]" *Id.* at 150 (quoting 22 C.J.S. *Criminal Law* § 490 (2006)).

In this case, the record reflects that Thompson returned a certain portion of the stolen funds to the victim and that all the defendants understood that the outstanding remaining balance of the stolen funds was $26,559.00. Further, at the end of the hearing, the trial court allowed defense counsel to brief the issue of the amount of restitution before the trial court made its decision. In the brief, defense counsel did not argue that Thompson was unaware of the total amount of the stolen funds remaining to be returned to the victim or had not received reasonable notice of the amount of restitution claimed. Rather, Thompson argued that he *disagreed* with the amount that the Commonwealth was requesting him to pay in restitution. The record reflects that the Commonwealth produced sufficient proof of the validity of the amount of restitution requested for the victim and that Thompson was aware of that number. While Thompson may have preferred a different amount, such fact does not factor into the analysis.

In a similar vein, Thompson next asserts that his plea agreement was invalid under *Morseman* because it did not specify an exact dollar amount for his restitution. While the specific plea agreement at issue in *Morseman* did contain an exact dollar amount, the Kentucky Supreme Court did not hold that a plea agreement must specify a restitution dollar amount to include restitution for "other crimes" or indicate that its holding should be limited to the facts contained in the opinion.

In addition, we note that the *Morseman* Court adopted Maryland's restitution rule "as the law of Kentucky." *Morseman*, 379 S.W.3d at 152. The Maryland case our Supreme Court relied upon rejected the notion that a plea agreement encompassing restitution for other crimes must set forth a restitution dollar amount to be enforceable. *See Silver*, 420 Md. 415, 430, 23 A.3d at 875-76 n.19 (noting that a restitution agreement including other crimes was enforceable even though "the exact sum may not be contained in the plea recital.").

Thus, we conclude that Thompson's plea agreement was enforceable despite the fact it did not include a specific dollar amount for restitution. Our Supreme Court has not imposed such a requirement, and we do not see any reason to do so now.

Thompson further contends that the trial court abused its discretion in finding him jointly and severally liable with the two other defendants for the full

amount of restitution. While trial courts certainly have the option of apportioning liability, "[a]pportionment among defendants is *not* mandatory." *R.S. v. Commonwealth*, 423 S.W.3d 178, 189 (Ky. 2014) (emphasis in original). When there are multiple defendants, a trial court has discretion as to whether it should apportion restitution. *See* KRS 533.030(3) ("[w]here there is more than one (1) defendant or more than one (1) victim, restitution may be apportioned."); *R.S.*, 423 S.W.3d at 189. Indeed, "ordering a defendant to pay full restitution despite the court's awareness of others' involvement does not frustrate the purpose of restitution because the purpose is to restore to the victim what was lost as a result of the criminal activity." *R.S.*, 423 S.W.3d at 188. Based on the plain wording of KRS 533.030(3) and the fact that joint and several liability is consistent with the legislative intent of ensuring victims are fully restored, the trial court did not abuse its discretion in holding Thompson jointly and severally liable for the full amount with the two other defendants.

In this case, Thompson agreed as part of his receipt of probation to provide restitution to the victim on a joint and several basis. The trial court held an adversarial hearing where evidence was presented concerning the amount owed. The court heard arguments from both sides before determining the amount owed to the victim in restitution. We do not find any violation of Thompson's due process rights or an abuse of the trial court's discretion.

## CONCLUSION

For the foregoing reasons, we affirm the Hardin Circuit Court's order.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky